*630
 
 Opinion
 

 SONENSHINE, J.
 

 This appeal marks the third time David Engel has called upon us to review the trial court’s rulings in favor of Dan Worthington doing business as Worthington Reunion Photographers. Twice, we overruled the trial court, holding in Engel’s favor. We do so again. This time, in a case of first impression, we hold a prevailing plaintiff in a Civil Code section 52 action is entitled, as a matter of law, to an attorney fees award.
 

 I
 

 Engel sued Worthington in 1987, alleging Civil Code section 51 et seq. violations based on Worthington’s refusal to include a photograph of Engel and his male companion in a high school reunion yearbook. After a bench trial, the court ruled in favor of Worthington. Engel appealed, and on January 7, 1992, in an unpublished opinion, we reversed the judgment remanding the cause to the trial court with directions to issue a written statement of decision.
 
 (Engel
 
 v.
 
 Worthington
 
 (Jan. 7, 1992) G010171.)
 

 The trial court complied, but once again Engel appealed and we reversed. In a published opinion filed September 30, 1993, we directed the trial court to enter judgment for Engel and to set a hearing to determine Civil Code section 52 damages and attorney fees and to award costs on appeal.
 
 (Engel
 
 v.
 
 Worthington
 
 (Cal.App., G012734) deleted upon direction of Supreme Ct. by order dated Feb. 3,1994.) The court heard the matter on April 22, 1994. The parties stipulated to damages of $250 and the court took the fees request under submission. On May 4, the court, by minute order, denied the fees, explaining its rationale in a notice of ruling entered the same day.
 

 Engel filed a notice of entry, but the court failed to sign it. He filed another notice on July 7, which the court signed on July 29. The first paragraph stated: “Judgment in the amount of $250.00 is entered in favor of plaintiff David Engel[.]” The second paragraph read: “Plaintiff is hereby awarded costs in the amount of $_[sic] as against said defendant.” On August 12, Engel appealed the July 29 judgment to the extent the court failed to award him fees.
 

 II
 

 The threshold issue we determine is whether Engel’s notice of appeal was timely filed. Worthington maintains the appeal should have been filed within 60 days of the May 4 orders because the minute order and the notice of ruling were appealable orders. He is wrong. Code of Civil Procedure
 
 *631
 
 section 904.1 delineates appealable orders and neither a minute order nor a notice of ruling is included.
 

 Undaunted, Worthington maintains these orders nevertheless come within the purview of Code of Civil Procedure section 904.1, subdivision (a)(1) because the court intended them to be final appealable judgments. However, “[ujntil a judgment is entered, it is not effectual for any purpose (Code Civ. Proc., § 664). . . .”
 
 (Brown
 
 v.
 
 Barham
 
 (1966) 242 Cal.App.2d 696, 702 [51 Cal.Rptr. 718].) Moreover, California follows the one final judgment rule, the essence of which is “[a]n appeal lies only from a final judgment. . . .”
 
 (In re L. A. County Pioneer Society
 
 (1953) 40 Cal.2d 852, 858 [257 P.2d 1]), i.e., a judgment which “terminates the proceeding in the lower court by completely disposing of the matter in controversy.”
 
 (Henneberque
 
 v.
 
 City of Culver City
 
 (1985) 172 Cal.App.3d 837, 841 [218 Cal.Rptr. 704]; see also
 
 Marsh
 
 v.
 
 Mountain Zephyr, Inc.
 
 (1996) 43 Cal.App.4th 289, 297 [50 Cal.Rptr.2d 493].)
 

 Worthington next claims the July 29 judgment is void because the court’s jurisdiction lapsed 60 days after the entry of the May 4 orders. Worthington fails to cite any authority requiring a trial court to act within 60 days of issuance of a nonappealable order.
 
 [1]
 
 Furthermore, Worthington misunderstands the authority upon which he relies. Worthington looks to
 
 Brennan
 
 v.
 
 Spanach
 
 (1968) 266 Cal.App.2d 350 [72 Cal.Rptr. 211], but that case holds a trial court loses jurisdiction 60 days after the clerk’s notice of entry of judgment is served.
 

 Finally, Worthington contends the appeal must be dismissed because the judgment fails to either award or deny attorney fees. His argument, for which he again cites no authority, is based on the presumption an appeal lies only from an order which specifically denies a fees request. Such is not the case. The practical effect of the court’s omission is the same: Engel did not receive fees.
 

 Ill
 

 In our last opinion, we directed the trial court to “enter judgment for Engel and set a hearing on damages and attorney fees to be awarded pursuant to Civil Code section 52.”
 
 (Engel
 
 v.
 
 Worthington, supra,
 
 G012734.) The trial court held a hearing but denied the fees request, explaining, “[T]he ‘private [Attorney [G]eneral’ theory . . . applies only ‘. . .to encourage the presentation of meritorious constitutional claims affecting large numbers of
 
 *632
 
 people . „ . [*]□ 1) In this litigation, a statutory right, not a constitutional right was at issue. [Í] 2) The published opinion vindicating the plaintiff was decertified, the Supreme Court impliedly [sic] ruling that the holding of the Court of Appeal is not the law. It is thus binding upon defendant vis-á-vis Engel, but does not affect members of the public generally, nor, probably, even future Worthington customers seeking same-sex reunion photos.”
 

 The trial court was wrong. Code of Civil Procedure section 1032, subdivision (b) entitles “a prevailing party ... as a matter of right to recover costs in any action or proceeding.” Attorney fees are included as costs when authorized by statute. (Code Civ. Proc., § 1033.5, subd. (a)(4)(D)(10)(B) &(C).) Engel is the prevailing party. Civil Code section 52 authorizes fees. Therefore the only issue we determine is whether a Civil Code section 52 fees award is mandatory or, as this trial court concluded, within the court’s discretion.
 
 [2]
 
 For reasons we now explain, we hold the court possesses discretion to determine the amount of the fees, but not their entitlement.
 
 [3]
 

 IV
 

 Civil Code section 52, subdivision (a) provides, “Whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to Section 51 or 51.5, is liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than one thousand dollars ($1,000), and any attorney’s fees that may be determined by the court in addition thereto, suffered by any person denied the rights provided in Section 51 or 51.5.”
 

 Worthington argues the phrase “is liable” demonstrates the Legislature intended damage awards to be mandatory while its use of “any attorney fees
 
 that may be
 
 determined!’ indicates the trial court retains discretion regarding attorney fees entitlement. (Italics added.) This interpretation ignores the plain language of the statute and violates common rules of grammar.
 

 “And” is a conjunction “used to join sentence elements of the same grammatical rank or function.” (Webster’s New Collegiate Diet. (10th ed.
 
 *633
 
 1994) p. 43.) Accordingly, Civil Code sections 51 and 51.5 violators
 
 are liable for actual and statutory damages and attorney fees.
 
 Stated another way, a Civil Code section 52 prevailing plaintiff is entitled to actual and statutory damages and attorney fees. The Legislature’s use of “may” in the statutory damage and attorney fees context does not denote trial court discretion over entitlement to either. It merely recognizes trial court discretion over the amount of both.
 

 V
 

 The legislative history of the Unruh Civil Rights Act (the Act) buttresses our conclusion.
 

 Civil Code Sections 51 and 52, Prior to 1976
 

 The Legislature first imposed rules of accommodation on operators of public amusement or entertainment businesses in 1893.
 
 (Harris
 
 v.
 
 Capital Growth Investors XIV
 
 (1991) 52 Cal.3d 1142, 1150, fn. 2 [278 Cal.Rptr. 614, 805 P.2d 873].) By 1897, it included other business owners within those mandates.
 
 [4]
 
 Civil Code sections 51 and 52 were enacted in 1905. The Act, effective in 1959, substantially broadened the law’s scope, banning all arbitrary discrimination by “ ‘all business establishments of any kind whatsoever[]’ ” on “ ‘. . . account of color, race, religion, ancestry, or national origin . . . .’ (Stats. 1959, ch. 1866, § 2, p. 4424.)”
 
 (Harris, supra,
 
 52 Cal.3d at pp. 1151-1152.)
 

 No matter the statutory label, throughout the past century, our Legislature’s intent has been consistent: “The purpose ... [of these laws has been] to compel a recognition of the equality of citizens in the right to the peculiar service” covered by the statutes.
 
 (Piluso
 
 v.
 
 Spencer
 
 (1918) 36 Cal.App. 416, 419 [172 P. 412].)
 

 1976 Amendment
 

 The Legislature added the attorney fees provision in 1976. The amendment’s legislative history fails to disclose any discussion of whether the
 
 *634
 
 drafters intended the award to be mandatory or within trial court discretion. In fact, there is only one reference of any substance regarding the attorney fees amendment: “Under the bill, violators of the Act are liable for the plaintiff’s attorney’s fees. . . . [T]he bill specifies that these attorney’s fees would be determined by the court. Should the bill provide for ‘reasonable’ attorneys’ fees instead of attorneys’ fees determined by the court?” (Assem. Com. on Judiciary, analysis of Assem. Bill No. 2553 (1975-1976 Reg. Sess.) as amended Jan. 22, 1976.)
 

 This comment, while not directly on point, is nevertheless important because it focuses
 
 on the standard by which fees are to be determined
 
 and
 
 not
 
 to the underlying right. Moreover, the Legislature’s failure to change the proposed language in response to the query implies it intended prevailing plaintiffs to be entitled to more
 
 generous
 
 fees awards. Indeed, the Governor’s legal affairs secretary, in a July 7, 1976, enrolled bill report, explained its purpose was to “sharply increase[] the damages recoverable for violation of the Unruh Act, including treble damages with a $250 minimum, and
 
 attorneys fees.”
 
 (Governor’s Off., Dept. Legal Affairs, Enrolled Bill Rep. on Assem. Bill No. 2553 (1975-1976 Reg. Sess.) July 7, 1976.)
 

 “As with all statutes, [the attorney fees provision] must be construed in the light of the legislative purpose and design. In enforcing the command of a statute[,] both the policy expressed in its terms, and the object implicit in its history and background, should be recognized.”
 
 (Winchell
 
 v.
 
 English
 
 (1976) 62 Cal.App.3d 125, 128 [133 Cal.Rptr. 20].) In that context, we also note our Supreme Court has on more than one occasion held, “The Act is to be given a liberal construction with a view to effectuating its purposes.”
 
 (Koire
 
 v.
 
 Metro Car Wash
 
 (1985) 40 Cal.3d 24, 28 [219 Cal.Rptr. 133, 707 P.2d 195]; see also
 
 Orloff v. Los Angeles Turf Club
 
 (1947) 30 Cal.2d 110, 113 [180 P.2d 321, 171 A.L.R. 913].)
 

 The Legislature itself recognized the importance of an attorney fees award to a Civil Code section 52 plaintiff: “[T]he award to plaintiff of attorney’s fees [is] essential to making effective the proposed addition of [section] 51.5 to the Civil Code.
 
 Enforcement of the public policy . . . depends upon the provision of an effective remedy
 
 which can be quantified in economic terms. This has been proven historically by both our Federal and State anti-trust laws which provide for treble damages and attorney’s fees to a successful plaintiff. The success of these statutes has to a great extent rested on civil remedies.” (Letter from Atty. Matthew B. Weinberg to Assem. Speaker, Leo T. McCarthy (Sept. 9, 1975) regarding Assem. Bill No. 2553, italics added.)
 

 
 *635
 
 We conclude therefore, the Legislature intended an award to be mandatory. To hold otherwise would violate the very essence of the Act.
 
 [5]
 

 VI
 

 Engel requested $80,875 in attorney fees and $2,850.70 in other costs in the trial court. He documented the time spent and the hourly fee charged. Worthington’s response challenged Engel’s entitlement to fees as well as the amount. The trial court, however, having found Engel was not entitled to
 
 any
 
 fees, never considered the appropriate amount. We therefore again remand the matter to the trial court to determine the amount of fees to be awarded to Engel.
 

 We do so reluctantly, as we, like Engel, have invested far too much time in a matter that should have long ago been finished. Therefore, in remanding the matter, we make the following additional orders.
 

 We respond affirmatively to Engel’s request that “further proceedings be heard before a trial judge other than the judge whose judgment” we reviewed. (Code Civ. Proc., § 170.1, subd. (c).) Secondly, we find nothing in the record which impels us to allow introduction of further evidence on this matter. “[T]here is ample evidence in the record upon which the trial court may base” a determination of attorney fees.
 
 (In re Marriage of Fonstein
 
 (1976) 17 Cal.3d 738, 751 [131 Cal.Rptr. 873, 552 P.2d 1169].)
 

 Finally, we note Engel may well be entitled to every penny of the requested fees award.
 
 [6]
 
 He has spent the last 10 years seeking to enforce a statutory right. To deny him the full amount of the requested fees would be
 
 *636
 
 tantamount to finding the fees were unreasonable per se, some of his efforts unwarranted, or his goal unworthy.
 

 Our Legislature intended to provide recourse for those individuals denied full and equal treatment by a business establishment.
 
 (Midpeninsula Citizens for Fair Housing
 
 v.
 
 Westwood Investors
 
 (1990) 221 Cal.App.3d 1377, 1383 [271 Cal.Rptr. 99].) It acknowledged the amount of recovery for actual damages is insignificant because discrimination by businesses is, per se, injurious.
 
 (Koire
 
 v.
 
 Metro Car Wash, supra,
 
 40 Cal.3d at pp. 33-34.) As unimportant as this matter appeared to the trial judge,
 
 all
 
 Civil Code sections 51 and 52 plaintiffs are entitled to the same respect. Our Supreme Court, although in a slightly different context, said it best: “Courts are often hesitant to upset traditional practices such as the sex-based promotional discounts at issue here. Some may consider such practices to be of minimal importance or to be essentially harmless. Yet, many other individuals, men and women alike, are greatly offended by such discriminatory practices. [*]0 The legality of sex-based price discounts cannot depend on the subjective value judgments about which types of sex-based distinctions are important or harmful. The express language of the Unruh Act provides a clear and objective standard by which to determine the legality of the practices at issue [here]. . . . The straightforward proscription of the Act should be respected.”
 
 (Koire
 
 v.
 
 Metro Car Wash, supra,
 
 40 Cal.3d at p. 39.)
 

 The judgment is reversed and remanded for a hearing in front of a judge other than the judge who tried this matter. The court shall set a hearing to determine Engel’s Civil Code section 52 attorney fees in light of the opinions expressed herein. Engel shall recover his costs and attorney fees on appeal as determined by the superior court.
 

 Wallin, Acting P. J., and Crosby, J., concurred.
 

 [1]
 

 California Rules of Court, rule 2, states in relevant part, “[A] notice of appeal from a judgment shall be filed on or before ... 60 days after the date of mailing . . . [or] 60 days after the date of service of a document entitled ‘notice of entry’ of judgment....’’
 

 [2]
 

 We note while no court has addressed this precise issue, a different panel of this court
 
 assumed
 
 a Civil Code section 52 prevailing party is
 
 “entitled
 
 to costs and attorneys fees expended to defend . . . [an] appeal. . . .”
 
 (Long
 
 v.
 
 Valentino
 
 (1989) 216 Cal.App.3d 1287, 1300 [265 Cal.Rptr. 96], italics added; see also
 
 Pines
 
 v.
 
 Tomson
 
 (1984) 160 Cal.App.3d 370, 400 [206 Cal.Rptr. 866].) As stated by our Supreme Court in
 
 Serrano
 
 v.
 
 Unruh
 
 (1982) 32 Cal.3d 621, 637 [186 Cal.Rptr. 754, 652 P.2d 985], “[I]f [fees are] recoverable at all— pursuant... to statute[,] . . . —[they] are available for services at trial and on appeal.”
 

 [3]
 

 The parties devote a considerable amount of time discussing whether we directed the trial court to conduct a hearing on
 
 the amount of
 
 or
 
 the entitlement to
 
 fees. Because we conclude Civil Code section 52 mandates an attorney fees award, this issue is moot.
 

 [4]
 

 Consisting of two primary sections, the 1897 act declared all citizens were entitled to “ ‘full and equal accommodations, advantages, facilities, and privileges of . . . places of public accommodation or amusement, subject only to the conditions and limitations established by law and applicable alike to all citizens.’ (Stats. 1897, ch. 108, § 1, p.137.)”
 
 (Harris
 
 v.
 
 Capital Growth Investors XIV, supra,
 
 52 Cal.3d at p. 1150, fn. omitted.)
 

 [5]
 

 Both parties proceed under the theory the trial court possesses discretion to award fees. As we explained, it does not, but the result would be the same here in any event. A reviewing court must reverse an inadequate fees award when the trial court “ ‘ “. . . exceed[s] the bounds of reason or contravene^] the uncontradicted
 
 evidence......(Hadley
 
 v.
 
 Krepel
 
 (1985) 167 Cal.App.3d 677, 682 [214 Cal.Rptr. 461].)
 

 [6]
 

 The complaint was filed in August 1987, after negotiations between the parties failed. On September 1, Engel filed a request for an ex parte temporary restraining order. The court granted it. Worthington demurred on October 12. Engel took Worthington’s deposition and on October 19, the court granted a preliminary injunction. The parties settled the injunction aspect and the matter proceeded to a hearing on July 16 and 17, 1990. Judge Brickner ruled orally, refusing Engel’s request for a written statement of decision on July 27. We reversed on January 7, 1992, and remanded the matter to the trial court for a statement of decision. Pursuant to the court’s order, Worthington prepared the statement of decision and the court signed it on February 28, but before Engel had the opportunity to lodge objections. After seeking permission, Engel filed objections on March 16. The court overruled the objections on March 26. We reversed, and on September 30, 1993, sent the case back for a fee order. Worthington sought rehearing and filed a petition with the Supreme Court which was denied on February 3, 1994.