**Dale M. HUBBARD, Plaintiffs,**

v.

**TWIN OAKS HEALTH AND RE-HABILITATION CENTER,**
**Defendant.**

**No. S–03–725 LKK/CMK.**

United States District Court,
E.D. California.

April 5, 2005.

Adam Sorrells, Scottlynn J. Hubbard IV, Esq., Law Offices of Lynn Hubbard III, Chico, CA, for Plaintiffs.

Brendan J. Begley, Carl J. Calnero, Porter, Scott, Weiberg & Delehant, Sacramento, CA, for Defendant.

## *ORDER*

KARLTON, Senior District Judge.

Plaintiff, Dale M. Hubbard, brought this action pursuant to the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101 *et seq.*, § 504 of the Rehabilitation Act ("Rehab Act"), 29 U.S.C. §§ 790 *et seq.*, California's Fair Employment and Housing Act (FEHA), Cal. Gov't Code §§ 12900 *et seq.*, California's Health & Safety Code, the state's Business & Professions Codes, and the Unruh Civil Rights Act ("Unruh Act"), Cal. Civ.Code §§ 51 *et seq.* Plaintiff alleged that defendant discriminated against her on the basis of her disability. On November 12, 2004, the court granted plaintiff summary judgment as to her Unruh Act claim and awarded her statutory damages.

This matter comes before me on plaintiff's motion for an award of attorney's fees pursuant to Cal. Civ.Code § 52, 29 U.S.C. §§ 790 *et seq.*, and Rule 54 of the Federal Rules of Civil Procedure. I decide the matter based on the papers and pleadings filed herein.

## I.

### STANDARDS FOR AWARDING ATTORNEY FEES

### A. CAL. CIV. PRO. CODE § 1032

California Code of Civil Procedure section 1032, subdivision (b) entitles "a prevailing party ... as a matter of right to

recover costs in any action or proceeding." Costs includes attorney fees when such fees are authorized by statute. (Cal.Civ. Proc.Code § 1033.5, subd. (a)(4)(D), (10)(B) & (C)).

 Plaintiff prevailed pursuant to the Unruh Act, which authorizes attorney fees. Specifically, the Unruh Act provides that an entity which discriminates in contravention of Section 51 is liable for "any attorney's fees that may be determined by the court." Cal. Civ.Code § 52(a). The court "possesses discretion to determine the amount of the fees, but not their entitlement." *Engel v. Worthington,* 60 Cal. App.4th 628, 632, 70 Cal.Rptr.2d 526 (1997).

### B. 42 U.S.C. § 1988

The Supreme Court has articulated the standard for a finding of "prevailing party" as whether the party has "succeed[ed] on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) (*citing Nadeau v. Helgemoe,* 581 F.2d 275 (1st Cir.1978)). The Ninth Circuit, in discussing whether a party has achieved "prevailing" status, has noted that a party can achieve that status by establishing a "clear, causal relationship between the litigation brought and the practical outcome realized." *Rutherford v. Pitchess,* 713 F.2d 1416, 1419 (9th Cir. 1983).

Both the federal and the California courts have adopted the "lodestar" method for calculating attorney's fees. *Hensley,* 461 U.S. at 433, 103 S.Ct. 1933; *Serrano v. Priest,* 20 Cal.3d 25, 48–49, 141 Cal.Rptr. 315, 569 P.2d 1303 (1977). To determine the appropriate fee amount, the court multiplies the number of hours reasonably expended in the litigation by a reasonable hourly rate. *Id.*

## II.

## ANALYSIS

### A. PREVAILING PARTY

Defendant concedes that plaintiff prevailed on her Unruh Act claim and that she is entitled to recover some attorney's fees. They contend, however, that her recovery should be limited because she only succeeded on one of seven causes of actions. While defendant's challenge as to the amount of attorney's fees will be addressed below, it is clear that there is a causal relationship between the litigation brought and the outcome achieved, and that plaintiff is entitled to attorney's fees.

### B. REASONABLE HOURLY RATE

Defendant challenges the requested hourly rate by arguing that it is unreasonable.

 The appropriate hourly fee should be based on the rates charged by counsel with similar experience, reputation, and skill for similar cases in the legal community. *See White v. City of Richmond,* 713 F.2d 458 (9th Cir.1983). Plaintiff's counsel seeks $250.00 per hour for work performed on this case. Mr. Sorrells has over twenty years of experience practicing law. Decl. of Adam Sorrells (Sorrells Decl.) at 3. Plaintiff supports the requested hourly fee by citing to several civil rights cases decided in this district in which the lead attorneys were awarded attorney's fees at $250.00 per hour.

Defendant challenges the reasonableness of the hourly rate by arguing that Mr. Sorrells should be entitled to only $175.00 per hour, such as what is being asked for two hours of work performed by attorney Scott Hubbard. As plaintiff argues, however, the going rate for Mr. Sorrells and Mr. Hubbard cannot be compared. Mr.

Hubbard has been practicing law for only three years, while Mr. Sorrells, as noted above, has practiced and accumulated experience over more than twenty years.

After considering Mr. Sorrell's legal experience and the parties' papers, the court determines that the rate of $250 adequately reflects the prevailing hourly rate in the Sacramento area for similar work performed by attorneys of comparable skill, experience and reputation. The court calculates the lodestar figure based on this hourly rate.

## C. REASONABLENESS OF HOURS BILLED

 Plaintiff seeks to recover attorneys fees for a total of 244.45 hours expended in this litigation. Pl's Br. in Supp. of Mot. at 12. In arriving at the lodestar figure, the district court should exclude hours that are "excessive, redundant, or otherwise unnecessary . . . ." *Hensley,* 461 U.S. at 434, 103 S.Ct. 1933. I reach defendant's contentions regarding the hours billed by plaintiff's attorney as follows:

### 1. *Excessive and Unnecessary Hours*

Defendant first argues that the fee request should be reduced because "[p]laintiff's request for reimbursement includes more than four hours for counsel, paralegals, and legal assistants to prepare, calendar, and serve four deposition notices." Def's Br. in Oppo. at 4–5. I cannot agree that the hours spent on these deposition notices were excessive or unnecessary and will therefore not make the requested reduction.

Defendant also contends that approximately seven and one-half hours of general office . expenditures for legal assistance that was secretarial in nature and should therefore be discounted in plaintiff's award. Defendant cites to nine different pages of plaintiff's itemized documents to support their contention. Each of theses pages, however, contain at least nineteen fee entries. The court should not have to scrutinize each of the 171 entries pointed to by defendant to determine which of them are secretarial in nature and therefore not recoverable, as alleged by defendant. Accordingly, this reduction will also be denied.

Defendant further complains that plaintiff's recitation of attorney fees includes about six and one-half hours of billing for discovery and other preparation for entities other than Twin Oaks. Def's Br. in Oppo. at 5. Plaintiff's counsel responds to this contention by explaining that he was forced to "waste time" in attempting to identify other possible parties with an interest in the Twin Oaks property because defense counsel refused to comply with discovery requests. Indeed, it appears from the record that defendant failed to respond to plaintiff's efforts and that plaintiff was forced to file two motions to compel. Accordingly, defendant cannot now complain that plaintiff's discovery efforts were unnecessary and should go uncompensated.

Defendant's request that plaintiff's 16 hours spent on the present motion should be reduced from the overall award will also be denied.

Finally, defendant asserts that the requested reimbursement for approximately 5.3 hours of meeting with plaintiff's husband should be denied because her husband was not a party or integral witness to this case. It is well-known that attorneys are required to keep their clients informed on the status of their case and of all important events. Plaintiff avers that, in this case, she requested that Mr. Sorrells primarily communicate with her through her husband because he is an attorney who would better understand and explain the

case to her. Therefore, it appears that the hours billed for meetings with plaintiff's husband are reasonable. Defendant does not argue that these meetings were duplicative of any communications with the plaintiff herself. Further, plaintiff's counsel states that he further had to communicate with plaintiff's husband because defense counsel indicated an intent to depose him. Accordingly, the court is not persuaded that these hours were excessive or duplicative.

## D. REDUCTION FOR UNSUCCESSFUL CLAIMS

Defendant argues that any fees awarded to plaintiff should be reduced to account for her unsuccessful claims. According to defendant, plaintiff prevailed on only one of her seven causes of action. They further assert that, because plaintiff's request makes no effort to distinguish between time spent on the prevailing and unsuccessful claims, plaintiff's attorney's fees should be prorated by the court.

First, defendant is incorrect that plaintiff's Rehabilitation Act claim was dismissed. As explained in the November 12, 2004 order, plaintiff successfully established that the defendant violated the Act, but summary judgment was denied to her because a material disputed fact remained as to damages, which could only be settled by a trier of fact.

■ Further, defendant's position that plaintiff may not recover for · any time spent on any cause of action that was dismissed is incorrect. The Ninth Circuit has instructed district courts to conduct the following two-part analysis wherever a plaintiff's success is limited: First, the court asks whether the claims upon which the plaintiff failed to prevail were related to the plaintiff's successful claims. If unrelated, the final fee award may not include time expended on the unsuccessful

claims. *Schwarz v. Secretary of Health & Human Services,* 73 F.3d 895, 901–902 (9th Cir.1995)(internal citations omitted). If the unsuccessful and successful claims are related, then the court must apply the second part of the analysis, in which the Court evaluates the "significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Id.* If the plaintiff obtained "excellent results," full compensation may be appropriate, but if only "partial or limited success" was obtained, full compensation may be excessive. *Id.* at 902; *see also Reynolds Metals Co. v. Alperson, supra,* 25 Cal.3d 124, 129–130, 158 Cal.Rptr. 1, 599 P.2d 83 (1979) ("Attorney's fees need not be apportioned when incurred for representation on an issue common to both a cause of action in which fees are proper and one in which they are not allowed."). Such decisions are within the district court's discretion.

■■ To begin the relatedness inquiry, the court must ask "whether the successful and unsuccessful claims are 'distinctly different claims for relief that are based on different facts and legal theories' or whether they 'involve a common core of facts or [are] based on related legal theories.' " *Schwarz,* 73 F.3d at 901 (*quoting Hensley,* 461 U.S. at 434–35, 103 S.Ct. 1933). In sum, if two claims do not arise from the same course of conduct, they are unrelated. *Schwarz,* 73 F.3d at 903. Here, it is clear that all of plaintiff's causes of actions were grounded on the same common core of facts and that the claims were inextricably intertwined. Accordingly, the court declines to pro-rate the requested attorney's fees.

## E. EXPERT WITNESS FEES

Defendant challenges plaintiff's ability to recover for expert witness fees charged by one expert witness, HolLynn D'Lil, to-

taling $3,015.50 on the grounds that there is no authority to support this cost. As I explain below, I agree with defendant that this amount may not be recovered.

■ California Code of Civil Procedure section 1032(b) entitles "a prevailing party . . . as a matter of right to recover costs in any action or proceeding." The primary statutory provision that provides the types of expenses that may be included in a cost award under § 1032 is found in § 1033.5 of that code. Section 1033.5(b)(1) explicitly states that, unless expressly authorized by law, "[f]ees of experts not ordered by the court" are not recoverable as costs. It is undisputed that plaintiff's expert was not ordered by the court. Furthermore, plaintiff fails to cite to statutory authority providing for the recoupment of expert witness fees as costs. As defendant contends, plaintiff's recovery for her expert is limited to the statutory maximum of $40 per witness day. *See* 28 U.S.C. § 1821(b). Accordingly, plaintiff will be awarded a total of $80 for expert costs incurred.

### III.

### CONCLUSION

Accordingly, plaintiff's counsel is hereby AWARDED fees of $58,819.43.[1]

IT IS SO ORDERED.

---

1. The amount is based on those fees sufficiently document by plaintiff's counsel as follows:

| | Hours | Rate | Total |
|---|---|---|---|
| Adam Sorrell | 214.30 | $250/hr | $53,575.00 |
| Scott Hubbard | 2 | 175/hr | 350.00 |
| Paralegals | 8.95 | 75/hr | 671.25 |
| Legal Assistant | 19.20 | 65/hr | 1,248.00 |
| Costs & Expenses | | | 2,975.18 |
| | | | **$58,819.43** |