Scott SCHUTZA, Plaintiff,

v.

McDONALD'S CORPORATION, a Delaware Corporation; P.F.S. LLC, a California Limited Liability Company; and Does 1–10, Defendants.

Case No. 14cv2716–WQH–MDD.

United States District Court,
S.D. California.

Signed Feb. 27, 2015.

Isabel Rose Masanque, Potter Handy LLP, Mark D. Potter, Phyl Grace, San Diego, CA, for Plaintiff.

Christine A. Fujita, Gibson, Dunn & Crutcher, LLP, San Francisco, CA, William A. Adams, Norton, Moore, and Adams, LLP, San Diego, CA, for Defendants.

## ORDER

HAYES, District Judge:

The matter before the Court is the Motion to Dismiss (ECF No. 9) filed by Defendant P.F.S. LLC.

## I. Background

On November 17, 2014, Plaintiff Scott Schutza commenced this action by filing a Complaint against Defendants McDonald's Corporation and P.F.S. LLC. (ECF No. 1). On December 22, 2014, Defendant P.F.S. LLC filed a motion to dismiss. (ECF No. 4). On January 6, 2015, Plaintiff filed the First Amended Complaint ("FAC"), which is the operative pleading in this case. (ECF No. 6). On January 8, 2015, the Court issued an Order denying the motion to dismiss, which addressed the original Complaint, as moot. (ECF No. 7). On January 16, 2015, Defendant P.F.S. LLC filed the Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 12(h)(3), and 28 U.S.C. section 1367(c). (ECF No. 9). On February 3, 2015, Plaintiff filed an opposition. (ECF No. 14). On February 9, 2015, Defendant P.F.S. LLC filed a reply. (ECF No. 15).

## II. Allegations of the FAC

Plaintiff is a paraplegic. Defendants own a McDonald's restaurant in Lakeside, California. "Plaintiff went to the Restaurant in January 2014 to eat." (ECF No. 6 at 3). "There are slopes and cross slopes that are as high as 3%–4% within the parking stalls and access aisles marked as reserved for persons with disabilities. The plaintiff attempted to use these parking spaces and was unable to keep his wheelchair from rolling away from him while he was preparing to transfer to and from his wheelchair." *Id.* "The plaintiff personally encountered this problem. This inaccessible condition denied the plaintiff full and equal access and caused him difficulty, frustration, and discomfort." *Id.*

"[E]ven though plaintiff did not personally confront the barrier, defendant McDonalds has a policy of placing the soda straw dispenser in an area that is inaccessible to wheelchair users. The counter where the defendant places the dispenser is 41 inches in height. The straw holder is located about 15 inches away from the counter's edge." *Id.*

"Because the Restaurant is located about two miles from plaintiff's home, the plaintiff will continue to be discriminated against until defendants cure the inaccessible conditions that exist here." *Id.* at 4.

Additionally, on information and belief, the plaintiff alleges that the failure to remove these barriers was intentional because: (1) these particular barriers are intuitive and obvious; (2) the defendants exercised control and dominion over the conditions at this location and, therefore, the lack of accessible facilities was not an "accident" because had the

defendants intended any other configuration, they had the means and ability to make the change.

*Id.*

Plaintiff asserts the following claims for relief: (1) violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. section 12101 *et seq.;* (2) violation of the Unruh Civil Rights Act, California Civil Code sections 51–53; (3) violation of the California Disabled Persons Act ("CDPA"); and (4) negligence. Plaintiff requests injunctive relief, damages, and attorneys' fees, litigation expenses, and costs of suit.

### III. Contentions of the Parties

Defendant P.F.S. LLC moves to dismiss Plaintiff's state-law claims on the ground that this Court should decline to exercise its supplemental jurisdiction pursuant to 28 U.S.C. section 1367(c). Defendant P.F.S. LLC contends that Plaintiff's claims raise novel or complex issues of state law. Specifically, Defendant P.F.S. LLC contends that California courts should have the opportunity to interpret California's new pleading requirements for disability discrimination lawsuits. *See* Cal.Code Civ. Proc. § 425.50. Defendant P.F.S. LLC contends that Plaintiff is attempting to evade these pleading requirements by filing in federal court, even though California courts "would likely be less costly" and provide the same relief. (ECF No. 9–1 at 13). Defendant P.F.S. LLC contends that the state-law claims predominate because Plaintiff requests damages, which are only available under the state-law claims.

Plaintiff contends that he may pursue this case in federal court because he has stated an ADA claim in compliance with Rule 8. Plaintiff contends that his counsel is not forum shopping and that his counsel has been filing disability discrimination cases in federal court for over fifteen years. Plaintiff contends that "[f]ederal courts have been construing, interpreting and ruling on Unruh/DPA claims for decades" and that these claims do not raise any novel or complex substantive issues. (ECF No. 14 at 10). Plaintiff contends that the state-law claims do not predominate because the same standard is used to determine liability under the ADA and Unruh Civil Rights Act.

### IV. Legal Standard

The federal supplemental jurisdiction statute provides: "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). A district court may decline to exercise supplemental jurisdiction over a state law claim if:

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). "While discretion to decline to exercise supplemental jurisdiction over state law claims is triggered by the presence of one of the conditions in § 1367(c), it is informed by the [*United Mine Workers of Am. v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966) ] values 'of economy, convenience, fairness, and comity.'" *Acri v. Varian Assocs., Inc.,* 114 F.3d 999, 1001 (9th Cir.1997) (en banc). In deciding whether to exercise supplemental jurisdiction, a court must consid-

er the underlying objective of "most sensibly accommodating the values of economy, convenience, fairness, and comity." *Exec. Software N. Am., Inc. v. U.S. Dist. Court for Cent. Dist. of Cal.*, 24 F.3d 1545, 1557 (9th Cir.1994) (internal quotations omitted). A district court need not "articulate why the circumstances of [the] case are exceptional" to dismiss state-law claims pursuant to 28 U.S.C. section 1367(c)(1)-(3). *San Pedro Hotel Co., Inc. v. City of L.A.*, 159 F.3d 470, 478–79 (9th Cir.1998) (quoting *Exec. Software*, 24 F.3d at 1557).

## V. Discussion

### A. The ADA

■ Title III of the ADA prohibits discrimination "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). "To prevail on a discrimination claim under Title III, a plaintiff must show that: (1) he is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of his disability." *Arizona ex rel. Goddard v. Harkins Amusement Enters., Inc.*, 603 F.3d 666, 670 (9th Cir.2010) (citing *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir.2007)). "Discrimination" under Title III of the ADA is defined in part to include "a failure to remove architectural barriers ... where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv). "[A] plaintiff need not show intentional discrimination in order to make out a violation of the ADA." *Lentini v. Cal. Ctr. for the Arts, Escondido*, 370 F.3d 837, 846 (9th Cir. 2004).

■ "In the case of violations of section[ ] 12182(b)(2)(A)(iv) ... injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this subchapter. Where appropriate, injunctive relief shall also include requiring the provision of an auxiliary aid or service, modification of a policy, or provision of alternative methods, to the extent required by this subchapter." 42 U.S.C. § 12188(a)(2). "Damages are not recoverable under Title III of the ADA—only injunctive relief is available for violations of Title III." *Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir.2002).

■ Under Title III of the ADA, "the court or agency, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs...." 42 U.S.C. § 12205. "Courts have interpreted this to mean that only plaintiffs who bring frivolous claims are to be saddled with paying attorney's fees to the defendant." *Hubbard v. SoBreck, LLC*, 554 F.3d 742, 744 (9th Cir.2009). "The Supreme Court has held that a prevailing plaintiff under a statute so worded 'should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust.'" *Barrios v. Cal. Interscholastic Fed'n*, 277 F.3d 1128, 1134 (9th Cir.2002) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 429, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)).

### B. The Unruh Civil Rights Act

■ The Unruh Civil Rights Act provides that "[a]ll persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, medical condition, genetic information, marital status, or sexual orientation are entitled to the full and equal accommoda-

tions, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." Cal. Civ.Code § 51(b). "A violation of the right of any individual under the federal Americans with Disabilities Act of 1990 (P.L. 101–3361) shall also constitute a violation of this section." Cal. Civ.Code § 51(f). "A violation of the Unruh Act may be maintained independent of an ADA claim where a plaintiff pleads 'intentional discrimination in public accommodations in violation of the terms of the Act.'" *Earll v. eBay, Inc.*, 5:11–cv–00262, 2011 WL 3955485, at *3 (N.D.Cal. Sept. 7, 2011) (quoting *Munson v. Del Taco, Inc.*, 46 Cal.4th 661, 668, 94 Cal.Rptr.3d 685, 208 P.3d 623 (2009)).

 The Unruh Civil Rights Act provides for actual damages "for each and every offense" and "any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000)...." Cal. Civ.Code § 52(a). California Civil Code section 55.56 provides for the grounds for awarding and means of calculating statutory damages pursuant to section 52(a). *See* Cal. Civ.Code § 55.56. "Injunctive relief is also available and may extend to all persons similarly situated to the plaintiff." *Turner v. Assoc. of Am. Med. Colls.*, 167 Cal.App.4th 1401, 1408, 85 Cal.Rptr.3d 94 (2008).

 The Unruh Civil Rights Act requires an award of "attorney's fees that may be determined by the court ... suffered by any person denied the rights provided in Section 51, 51.5, or 51.6." Cal. Civ.Code § 52. "[T]he Legislature intended [this] award to be mandatory." *Engel v. Worthington*, 60 Cal.App.4th 628, 635, 70 Cal.Rptr.2d 526 (1997). Section 52 "authorize[s] [fee] awards only to prevailing plaintiffs." *Turner v. Assoc. of Am. Med. Colls.*, 193 Cal.App.4th 1047, 1059, 123 Cal. Rptr.3d 395 (2011).

## C. The CDPA

 The CDPA provides that "[i]ndividuals with disabilities or medical conditions have the same right as the general public to the full and free use of the streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics, and physicians' offices, public facilities, and other public places." Cal. Civ.Code § 54(a). The CDPA further provides that "[i]ndividuals with disabilities shall be entitled to full and equal access, as other members of the general public, to [various public places], subject only to the conditions and limitations established by law, or state or federal regulation, and applicable alike to all persons." Cal. Civ.Code § 54.1(a)(1). "A violation of the right of an individual under the Americans with Disabilities Act of 1990 (Public Law 101–336) also constitutes a violation of this section, and nothing in this section shall be construed to limit the access of any person in violation of that act." Cal. Civ.Code § 54.1(d). "[A] violation of section 54.1(a) does not require intent." *Hankins v. El Torito Rests., Inc.*, 63 Cal. App.4th 510, 520 n. 4, 74 Cal.Rptr.2d 684 (1998).

The CDPA provides for actual damages and "any amount as may be determined by a jury, or the court sitting without a jury, up to a maximum of three times the amount of actual damages but in no case less than one thousand dollars ($1,000)...." Cal. Civ.Code § 54.3(a). California Civil Code section 55.56 provides the grounds for awarding and means of calculating statutory damages pursuant to section 54.3. *See* Cal. Civ.Code § 55.56.

 A prevailing plaintiff who is entitled to damages under the CDPA is also entitled to "attorney's fees as may be determined by the court in addition there-

to...." Cal. Civ.Code § 54.3(a).[1] This "statutory language authorizing fee awards only to prevailing plaintiffs reflects a determination that prevailing defendants should *not* receive a fee award for hours spent defending such claims." *Turner,* 193 Cal.App.4th at 1060, 123 Cal.Rptr.3d 395.

### D. Analysis

In this case, Plaintiff asserts three state-law claims (Unruh Civil Rights Act, CDPA, and negligence) and one federal claim (ADA).

■■■ The Court finds that Plaintiff's three state-law claims substantially predominate over Plaintiff's ADA claim. First, California has its own set of public accommodation accessibility standards that can provide the basis for liability for disability discrimination in addition to ADA standards. *See Moeller v. Taco Bell Corp.,* No. C02–05849, 2007 WL 2301778, at *6 (N.D.Cal. Aug. 8, 2007) ("A violation of a California Standard constitutes a violation of both the CDPA and the Unruh Act.").

Second, Plaintiff alleges intentional disability discrimination. Plaintiff is not required to establish intentional discrimination on his ADA claim. *Lentini,* 370 F.3d at 846 ("It is undisputed that a plaintiff need not show intentional discrimination in order to make out a violation of the ADA."). However, intentional discrimination is relevant to Plaintiff's state-law disability discrimination claims. *See Earll,* 2011 WL 3955485, at *3 ("A violation of the Unruh Act may be maintained independent of an ADA claim where a plaintiff pleads 'intentional discrimination in public accommodations in violation of the terms of the Act.' ") (quoting *Munson,* 46 Cal.4th at 668, 94 Cal.Rptr.3d 685, 208 P.3d 623).

Determination of intentional discrimination entails application of state-law standards. *See id.* Accordingly, a determination of Defendants' liability for state-law disability discrimination and negligence involves predominantly state-law issues. *Cf. Gibbs,* 383 U.S. at 726, 86 S.Ct. 1130 (noting that where "state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals"); *see also Acri,* 114 F.3d at 1001 (noting that *Gibbs* values of economy, convenience, fairness, and comity inform a section 1367(c) analysis).

Finally, Plaintiff's state-law claims provide more expansive remedies than Plaintiff's ADA claim, and Plaintiff is pursuing those remedies. Plaintiff seeks damages, which are unavailable under the ADA, but are available under the Unruh Civil Rights Act and CDPA. *Compare Wander,* 304 F.3d at 858 (noting that damages are not available under Title III of the ADA) *with* Cal. Civ.Code §§ 52(a), 54.3(a) (authorizing damages under the Unruh Civil Rights act and CDPA, respectively). Plaintiff also seeks attorneys' fees. The Unruh Civil Rights Act and CDPA contain mandatory fee-shifting provisions, while the ADA's attorneys' fees provision is discretionary. *Compare* Cal. Civ.Code §§ 52(a), 54.3(a) (providing mandatory fee-shifting to a prevailing plaintiff under the Unruh Civil Rights Act and CDPA, respectively) *with* 42 U.S.C. § 12205 (providing for discretionary fee-shifting to the "prevailing party").

The Court concludes that state-law claims and issues substantially predomi-

---

1. The FAC alleges that "the Plaintiffs are not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all." (ECF No. 6 at 8). Under section 55, "[t]he prevailing party in the action shall be entitled to recover reasonable attorney's fees." Cal. Civ. Code § 55.

nate in this case. Pursuant to 28 U.S.C. section 1367(c), the Court declines to exercise supplemental jurisdiction over Plaintiff's state-law claims. Defendant P.F.S. LLC's motion to dismiss is granted as to Plaintiff's state-law claims without prejudice.

## VI. Conclusion

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 9) is GRANTED. Plaintiff's second, third, and fourth claims are dismissed without prejudice.