Filed 12/18/23  Pumphrey v. Min & Hong Corporation CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| JOSEPH PUMPHREY,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>MIN & HONG CORPORATION et al.,<br><br>    Defendants and Respondents. | B326037<br><br>(Los Angeles County Super. Ct. Nos. BC641704 and BC641704 "R") |

APPEAL from orders of the Superior Court of Los Angeles County, Gregory Keosian, Judge.  Affirmed.

The Harrison Law Group, Jeff A. Harrison and Sara Pezeshkpour for Plaintiff and Appellant.

Law Offices of Stephen E. Abraham and Stephen E. Abraham for Defendants and Respondents.

————————————

Plaintiff and appellant Joseph Pumphrey appeals post-judgment orders partially granting attorney fees and costs. Pumphrey contends that because Civil Code section 52 mandates an award of fees and costs to a prevailing plaintiff, the trial court had no discretion to deny fees and costs under Code of Civil Procedure section 1033, subdivision (a). Defendants and respondents Min & Hong Corporation and Maureen Hocking counter that the trial court properly harmonized the two code sections, and the fee and cost award was a proper exercise of the court's discretion.

Because the appellate record is inadequate to conclude that the appealed orders were an abuse of the court's discretion, we affirm the fee and cost awards.

## FACTUAL AND PROCEDURAL BACKGROUND

On November 22, 2016, plaintiff, who uses a wheelchair, filed a complaint alleging that defendants' diner did not comply with state and federal disability access laws. The complaint included three causes of action: the first alleged a violation of Title III of the American with Disabilities Act ("ADA" codified in 42 U.S.C. § 12101 et seq.); the second alleged a violation of the Unruh Civil Rights Act ("Unruh Act;" California Civil Code § 51 et seq.); and the third alleged a violation of California Health and Safety Code section 19953 et seq. In relevant part, the complaint sought "an injunction pursuant to California civil rights statutes" ordering disability access and prohibiting the diner from operating until access was provided, "general, compensatory, and statutory damages pursuant to the Unruh Act," including treble

damages and "attorneys' fees, litigation expenses and costs of suit, pursuant to [California Civil Code section 52]."

At some point before August 2018, defendants remedied the disability access problems identified in plaintiff's complaint. At plaintiff's request in early August 2018, the court dismissed the first and third causes of action without prejudice, leaving only the Unruh Act claim. For reasons that are not apparent from the record, the scheduled November 6, 2018, trial was continued after the parties had completed discovery and filed trial briefs and witness and exhibit lists.

On October 11, 2019, plaintiff filed a motion for attorney fees and litigation expenses under Code of Civil Procedure section 1021.5. Plaintiff argued he was entitled to fees on his previously dismissed injunctive relief claims based on a catalyst theory (i.e., that defendants remedied the access-impeding conditions as a result of plaintiff's litigation, thereby entitling plaintiff to fees as the prevailing party). At the time, the trial on plaintiff's Unruh Act claim was scheduled to take place on April 14, 2020. Plaintiff's motion sought $55,518.50 in attorney fees and $4,337.56 in expert witness fees. The court denied the October 11, 2019 motion without prejudice, leaving open to plaintiff the opportunity to file another motion following resolution of plaintiff's remaining claim for damages. In its ruling, the court explained that plaintiff had not provided any evidence to show his discrimination claims were not groundless or unmeritorious.

We find nothing in the appellate record to reflect what occurred before or during the eventual trial, other than an October 7, 2022 document entitled "decision and judgment"

3

finding in favor of plaintiff and awarding damages of $4000.[1] The relevant text stated: "After considering the numerous exhibits admitted into evidence and the oral testimony presented in court, the court finds in favor of plaintiff and against defendants. The court finds that Plaintiff has met his burden of proof in establishing violation of the Unruh Act and the ADA, as a result of conditions which were present relating to seating and access to the restroom. [¶] Plaintiff is awarded $4,000 for the violation he encountered. Attorneys fees will be determined per motion and costs per a cost bill. Judgment is entered in favor of Plaintiff and against Defendants. Plaintiff to prepare and submit a judgment for the court's signature." Final judgment was entered on October 21, 2022.

Plaintiff subsequently filed a memorandum of costs seeking $12,884.30 in costs and a motion for attorney fees and litigation expenses seeking $106,151.00 in attorneys' fees and $10,770.59 in expert witness fees. Plaintiff again argued that his claims for injunctive relief were meritorious and catalyzed defendants to remediate the disability access issues at the diner.[2] Plaintiff also

---

[1] The first paragraph of the document noted: "Pursuant to Code of Civil Procedure, section 632, the following is the Judgment in the above captioned case, as the matter was heard in less than eight hours and a statement of decision was not requested prior to the submission of the matter."

[2] A footnote in plaintiff's motion for attorney fees reveals that plaintiff did not draw a distinction between the different causes of action or the grounds for an award of attorney fees: "Each of the three causes of action asserted in the complaint entitles Plaintiff to recover his reasonable attorneys' fees and costs from Defendants. [(42 U.S.C. §12205 (prevailing parties

claimed attorney fees as the prevailing party on his Unruh Act claim, but offered no additional legal analysis on that point.

Defendants' opposition to the attorney fee motion argued that Code of Civil Procedure section 1033 expressly limited a party's recovery when a case was over-filed or over-litigated, because it resulted in a "judgment that could have been rendered in a limited civil case." Defendants also filed a motion to tax costs that similarly argued Code of Civil Procedure section 1033 precluded plaintiff from recovering certain costs because, having originally filed this action as an unlimited civil case, plaintiff only recovered a judgment that could have been rendered in a limited civil case.

In a ruling filed December 14, 2022, the court granted plaintiff's motion for attorney fees, awarding $42,628.50 in attorney fees, plus $1,992.04 in expert fees. A ruling filed December 15, 2022, granted in part defendants' motion to tax costs, reducing the cost bill by $9,856.11, leaving a total costs bill of $3,028.19.

In both rulings, the court agreed with defendants that "a substantial reduction of fees" and costs was warranted under Code of Civil Procedure section 1033, subdivision (a). In implementing the reduction, the court chose a "cutoff date" of October 11, 2019, at which point Plaintiff's maximum damages were readily estimable at $12,000 and injunctive relief was no

---

under the ADA may recover reasonable attorneys' fees, litigation expenses, and costs); Health & Safety Code §19953 ("the prevailing party in the action shall be entitled to recover reasonable attorney's fees"); Civil Code §52 [subd.] (a) (defendants are liable for damages "and any attorney's fees that may be determined by the court in addition thereto").]"

longer available. The court also made additional reductions based on findings that certain claimed fees should not be recovered because they were excessive, duplicative, or otherwise not justified: plaintiff does not challenge those reductions in this appeal. Plaintiff appealed both the December 14, 2022 and December 15, 2022 orders.

On September 5, 2023, we invited the parties to submit letter briefs on the adequacy of the appellate record, in light of the lack of any mention of Civil Code section 52 in the appealed rulings, and the absence of a reporter's transcript or suitable substitute. Plaintiff's letter brief argued the court's rulings are adequate to demonstrate error, and that no reporter's transcript was necessary. Defendant's letter agreed with the court's observation that "on the record provided, there is no evidence that the trial court relied on [Code of Civil Procedure] section 1033 to deny fees under Civil Code section 52."

## DISCUSSION

Plaintiff contends that because Civil Code section 52 and Code of Civil Procedure section 1033, subdivision (a) are incompatible, it was error for the court to rely upon Code of Civil Procedure section 1033, subdivision (a), to deny fees and expenses on plaintiff's successful Unruh Act claim. Plaintiff's argument is based on an erroneous assumption that this is what the court did: plaintiff ignores that the court never mentions the Unruh Act or Civil Code section 52 in its rulings at all. Instead, the attorney fee award explained in the court's ruling relies only on Code of Civil Procedure section 1021.5, and the cost award is made under Code of Civil Procedure section 1032. Because

6

plaintiff does not contend that either of those statutes are incompatible with Code of Civil Procedure section 1033, the legal issue plaintiff presents on appeal has no connection with the rulings actually issued by the court.  While plaintiff's motion below made brief references to Civil Code section 52 and the Unruh Act, without the benefit of a statement of decision or a reporter's transcript to show what was argued or conceded at the hearings for attorney fees and costs, we decline to draw any inference regarding whether the court intended to award, deny, or reduce fees under Civil Code section 52.  Plaintiff fails to provide a record upon which we can find legal error or abuse of discretion in the court's fee and cost awards.

*Standard of Review*

We presume that the trial court's fee and cost awards are correct, and the appealing party bears the burden of providing an adequate record to demonstrate error.  (*Taylor v. County of Los Angeles* (2020) 50 Cal.App.5th 205, 209; *Rhule v. WaveFront Technology, Inc.* (2017) 8 Cal.App.5th 1223, 1228.)

A fee award will not be disturbed on appeal unless it is clearly wrong.  (*PLCM Group v. Drexler* (2000) 22 Cal.4th 1084, 1095.)  "A trial court's determination of the amount of attorney fees to award is reviewed for an abuse of discretion.  [Citation.] ' " '[A]n experienced trial judge is in a much better position than an appellate court to assess the value of the legal services rendered in his or her court, and the amount of a fee awarded by such a judge will therefore not be set aside on appeal absent a showing that it is manifestly excessive in the circumstances.' [Citation.]  'The only proper basis of reversal of the amount of an

attorney fees award is if the amount awarded is so large or small that it shocks the conscience and suggests that passion and prejudice influenced the determination.' " [Citation.]' [Citation.]" (*Gutierrez v. Chopard USA Ltd.* (2022) 82 Cal.App.5th 383, 392–393.) "The choice of a fee calculation method is generally one within the discretion of the trial court, the goal under either the percentage or lodestar approach being the award of a reasonable fee to compensate counsel for their efforts." (*Laffitte v. Robert Half Internat. Inc.* (2016) 1 Cal.5th 480, 504 [trial court's manner of calculating fee award not an abuse of discretion].)

*Relevant Law*

We begin with a review of the attorney fee and cost statutes at the heart of the current appeal: Civil Code section 52, and Code of Civil Procedure sections 1021.5, 1032, and 1033.

A plaintiff who prevails under the Unruh Civil Rights Act is entitled to a minimum statutory penalty of $4,000 for each offense and "any attorney's fees that may be determined by the court." (Civ. Code, § 52, subd. (a).) The trial court "possesses discretion to determine the amount of the fees, but not their entitlement." (*Engel v. Worthington* (1997) 60 Cal.App.4th 628, 632.)

" 'The Legislature adopted section 1021.5 as a codification of the private attorney general doctrine of attorney fees developed in prior judicial decisions. [Citation.] Under this section, the court may award attorney fees to a "successful party" in any action that "has resulted in the enforcement of an important right affecting the public interest if: (a) a significant benefit, whether pecuniary or nonpecuniary, has been conferred on the

general public or a large class of persons, (b) the necessity and financial burden of private enforcement are such as to make the award appropriate, and (c) such fees should not in the interest of justice be paid out of the recovery, if any." . . . [T]he private attorney general doctrine "rests upon the recognition that privately initiated lawsuits are often essential to the effectuation of the fundamental public policies embodied in constitutional or statutory provisions, and that, without some mechanism authorizing the award of attorney fees, private actions to enforce such important public policies will as a practical matter frequently be infeasible." Thus, the fundamental objective of the doctrine is to encourage suits enforcing important public policies by providing substantial attorney fees to successful litigants in such cases.' " (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1288–1289; *Graham v. DaimlerChrysler Corp.* (2004) 34 Cal.4th 553, 565.)

Code of Civil Procedure section 1032 awards costs as a matter of right to a prevailing party "in any action or proceeding." (Code Civ. Proc., § 1032, subd. (b).)

"[T]he purpose of Code of Civil Procedure section 1033 . . . is 'to discourage plaintiffs from "over filing" their cases' and thereby 'wast[ing] judicial resources.' Accordingly, the trial court may properly award costs to a plaintiff who recovers less than the jurisdictional amount for an unlimited civil case when he or she reasonably and in good faith initiated the action believing that the ultimate recovery would exceed the jurisdictional limit. [Citation.]" (*Carter v. Cohen* (2010) 188 Cal.App.4th 1038, 1053.)

*Analysis*

Plaintiff contends on appeal that the trial court erroneously denied any attorney fees, litigation expenses, and costs incurred on his Unruh Act claim.  However, his entire argument is built upon an inference that is not supported by the record.  Plaintiff's argument requires us to assume—without supporting evidence—that the trial court separately considered and denied his request for fees and costs under Civil Code section 52.  In the absence of a reporter's transcript and any express ruling denying fees under Civil Code section 52, we conclude that plaintiff has not and cannot met his burden to demonstrate error.

Plaintiff's motion sought attorney fees under both Code of Civil Procedure section 1021.5 and Civil Code section 52, and nothing in the motion or the supporting declarations makes any attempt to draw a distinction between fees incurred in support of injunctive relief and those incurred in support of his damages claim.  In fact, the section of argument in the motion titled "Plaintiff is the Prevailing Party on his Unruh Act Claim" consists of just two sentences:  "It is indisputable that Plaintiff is the prevailing party on his Unruh Act claim:  judgment was entered in his favor, and he is the party with a "net monetary recovery" [(Code Civ. Proc., §1032, subd. (a)(4)]).  He is therefore entitled to an award of costs as a matter of right, including attorneys' fees, which are authorized by the Unruh Act [(Code Civ. Proc., §1033.5, subd. (a)(10)(B); Civ. Code § 52, subd. (a)])."  In contrast, the motion includes more than five pages discussing the catalyst theory of attorney fee recovery under Code of Civil Procedure section 1021.5, and another five pages discussing the

reasonableness of the request for fees and litigation expenses. The attorney's supporting declaration similarly describes all the claims together, stating that the fee motion sought recovery of plaintiff's "reasonable attorneys' fees and litigation expenses incurred in prosecuting (and succeeding on) [plaintiff's] injunctive relief and damage claims and in connection with [plaintiff's] fee motion." The declaration states that plaintiff's most senior attorney "spent a total of 72.15 hours on this case working on [plaintiff's] claims from the inception of this case to November 17, 2022, and for work on the instant motion . . . ."

The December 14, 2022 ruling makes it clear that the court considered all three causes of action—the two dismissed claims and the adjudicated claim for damages—as interrelated. While analyzing the motion under the catalyst theory applicable to claims under Code of Civil Procedure section 1021.5, the court also noted that plaintiff "obtained judgment in his favor after a trial and a judicial finding of at least one ADA violation." While the court did reduce the amount of attorney fees and expert fees from what plaintiff requested, the motion for attorney fees and expenses was "GRANTED in the amount of $42,628.50 in attorney fees, plus $1,992.04 in expert fees." Nowhere does the ruling state that the court is denying plaintiff's claim for fees under Civil Code section 52.

In his appellate briefing, plaintiff does not raise any contention that it was error for the trial court to rely upon Code of Civil Procedure section 1033 to reduce an award of attorney's fees rendered under Code of Civil Procedure section 1021.5. Further, a cost award under Code of Civil Procedure section 1032 may properly be limited under section 1033. (See *Moreno v. Bassi* (2021) 65 Cal.App.5th 244, 260–261.)

11

The inadequacy of the record prevents plaintiff from carrying his burden of demonstrating that the court's fee and cost awards constituted prejudicial error.  (*Rhule v. Wavefront Technology, Inc., supra,* 8 Cal.App.5th at pp. 1228–1229.)  Without a reporter's transcript, there is no way for this court to determine whether plaintiff made any concessions pertaining to whether the court could rely solely on Code of Civil Procedure section 1021.5, or had an obligation to separately identify fees and costs awarded (or denied) under Civil Code section 52.  The record shows that the parties received a tentative ruling on the motion, that there was a hearing (for which we have no record), and that the court adopted the tentative as its final ruling with no changes after the hearing.  Plaintiff provides no basis to conclude that it brought to the court's attention, after receiving the tentative, that the court's ruling was tantamount to a denial of fees under Civil Code section 52.  " ' " ' " 'In the hurry of the trial many things may be, and are, overlooked which would readily have been rectified had attention been called to them.  The law casts upon the party the duty of looking after his legal rights and of calling the judge's attention to any infringement of them.' " ' [Citation.]"  . . .' [Citation.]"  (*Keener v. Jeld-Wen, Inc.* (2009) 46 Cal.4th 247, 264–265, fns. omitted; see also *Chu v. Old Republic Home Protection Co. Inc.* (2021) 60 Cal.App.5th 346, 357.)

In his letter brief dated September 12, 2023, plaintiff asserts that "a transcript of the proceedings would not help the Court when there was a tentative ruling, the trial court allowed argument and then took the matter under submission, ultimately making its tentative ruling its final ruling . . . ."  We reiterate, if the parties had the tentative ruling before the hearing, and the

court made no changes, then in the absence of a reporter's transcript or any mention of Civil Code section 52 in the trial court's ruling, we have insufficient evidence to conclude that the court denied fees or costs under Civil Code section 52.

## DISPOSITION

The award of fees and costs is affirmed.  Defendants and respondents Min & Hong Corporation and Maureen Hocking are awarded their costs on appeal.

NOT TO BE PUBLISHED.

MOOR, J.

We concur:

BAKER, Acting, P. J.

KIM, J.