[No. A045313. First Dist., Div. One. May 17, 1990.]

WILLIAM D. LAXAGUE, SR., et al., Plaintiffs and Appellants, v. FIREMAN'S FUND INSURANCE COMPANY et al., Defendants and Respondents.

COUNSEL

Barr, Newlan & Sinclair, Tamra L. Page and John D. Barr for Plaintiffs and Appellants.

Johnson, Pagliero & Schachter, Robert H. Johnson, Luther R. Lewis, Fisher & Hurst, Steven L. Sumnick and Laurene B. Kurzrock for Defendants and Respondents.

OPINION

STEIN, J.—William D. Laxague, Sr., Frieda Laxague, and Laxague Agriculture, Inc. (hereinafter referred to collectively as Laxague) appeal from

*the judgment entered in their third party insurance bad faith action follow-* ing the granting of summary judgment in favor of defendants, Fireman's Fund Insurance Company and Industrial Underwriters, Inc.

The Laxagues owned and managed a sheep-breeding program. They alleged that they purchased sheep feed ordered from and prepared by Nevada Supplement Company (NSC). After the Laxagues' sheep were fed this preparation in December 1983 and January 1984, the sheep showed signs of distress and many ultimately died or suffered physical impairment. Fireman's Fund and Industrial were the liability insurers of NSC. According to the Laxagues, NSC and its insurers were informed of the problems and of test results showing excess copper in the feed, but the Laxagues' claims were not settled, and the Laxagues filed suit against NSC in an action filed in federal court (the underlying action) on July 11, 1985.

Fireman's Fund provided a defense to NSC in the action brought by the Laxagues. On December 24, 1986, NSC tendered an amended offer of judgment, pursuant to the Federal Rules of Civil Procedure, rule 68,[1] for the sum of $2,090,000. On December 30, 1986, the Laxagues agreed to accept NSC's tender, and on that same date judgment was entered according to rule 68, settling the underlying action for $2,090,000. By January 13, 1987, the judgment was satisfied on behalf of NSC. Both Fireman's Fund and Industrial contributed to the settlement.

On December 29, 1987, the Laxagues filed this action in state court against Fireman's Fund and Industrial for violation of Insurance Code section 790.03, subdivision (h).[2] The Laxagues alleged that the liability of NSC had become reasonably clear in 1984, yet the insurers failed to attempt in good faith to effect a prompt, fair and equitable settlement of the claim.

Fireman's Fund and Industrial filed motions for summary judgment on the grounds that the judgment entered in federal court was not a conclusive judicial determination of NSC's liability in the underlying action. The trial court granted the motion and judgment was entered in favor of the defendant insurers.

### DISCUSSION

■ The Laxagues did not dispute any of the facts offered in the motion below and do not now contend that any factual dispute exists. Accordingly,

---

[1] All references herein to "rules" shall indicate the Federal Rules of Civil Procedure, unless otherwise indicated.

[2] The action was originally filed in Modoc County Superior Court but was eventually coordinated with an action filed in San Francisco County Superior Court.

this court's review of the summary judgment is a de novo examination of the application of the law to those undisputed facts. (*Scroggs* v. *Coast Community College Dist.* (1987) 193 Cal.App.3d 1399, 1401 [239 Cal.Rptr. 916].)

■ The sole issue on appeal is whether the judgment against the insured entered in the underlying federal court action pursuant to rule 68 constitutes a "conclusive judicial determination of the insured's liability" as required under *Moradi-Shalal* v. *Fireman's Fund Ins. Companies* (1988) 46 Cal.3d 287, 306 [250 Cal.Rptr. 116, 758 P.2d 58].

In *Moradi-Shalal,* the Supreme Court overruled its previous opinion in *Royal Globe Ins. Co.* v. *Superior Court* (1979) 23 Cal.3d 880 [153 Cal.Rptr. 842, 592 P.2d 329], and held that Insurance Code section 790.03, subdivision (h) did not create a private cause of action against insurers. Because that ruling was prospective in application, the court set forth the principles governing recovery in pending *Royal Globe* cases. According to those principles, "settlement is an insufficient conclusion of the underlying action: there must be a conclusive judicial determination of the insured's liability before the third party can succeed in an action against the insurer under section 790.03." (*Moradi-Shalal* v. *Fireman's Fund Ins. Companies, supra,* 46 Cal.3d at pp. 305-306.) A claimant has a right of recovery "only upon proof that the insured was actually liable to the third party claimant." (*Id.* at p. 308.) The court added, "[c]learly, a settlement *without more* does not constitute a determination of the insured's liability." (*Id.* at p. 308, italics added.)

The Laxagues do not contest that their action against NSC was concluded by settlement. They do contend that they achieved a settlement "with more," as they also obtained a judgment against NSC through the mechanism of rule 68.[3] This, argue the Laxagues, constitutes an admission of liability and should satisfy the *Moradi-Shalal* requirements.

---

[3] As relevant at the time, rule 68 provided in its entirety: "At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against him for the money or property or to the effect specified in his offer, with costs then accrued. If within 10 days after the service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the clerk shall enter judgment. An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible except in a proceeding to determine costs. If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer. The fact that an offer is made but not accepted does not preclude a subsequent offer. When the liability of one party to another has been determined by verdict or order or judgment, but the amount or extent of the liability remains to be determined by further proceedings, the party adjudged liable may make an offer of judgment, which shall have the same effect as an offer made before trial if it is served within a reasonable time not

However, as the Supreme Court stated, "a final judicial determination is required, and . . . an admission does not suffice to determine the insured's liability." (*Moradi-Shalal* v. *Fireman's Fund Ins. Companies, supra,* 46 Cal.3d at p. 310.) Even were an admission somehow probative on the issue, there is no indication here that the insurers or NSC admitted liability either expressly or by means of the federal procedure used in the underlying action. The offer of judgment stated that "[t]his offer is made pursuant to Rule 68 of the Federal Rules of Civil Procedure, and evidence of this offer is not admissible except in a proceeding to determine costs."

Our Supreme Court has recently held that a judgment based upon a stipulation of the insured's liability signed by the insurer, insured, and third party claimant satisfies the requirement of *Moradi-Shalal* that, as a condition precedent to a third party claimant's bad faith action against the insurer, there must be a final judicial determination of the insured's liability for the injuries. (*California State Auto. Assn. Inter-Ins. Burean* v. *Superior Court* (1990) 50 Cal.3d 658 [268 Cal.Rptr. 284, 788 P.2d 1156].) In that case the judgment was entered pursuant to Code of Civil Procedure[4] section 664.6 which, the court noted, "is a judicial act that a court has discretion to perform." (*Id.* at p. 664). Moreover, a judgment entered under section 664.6, based on a stipulation of the insurer admitting the liability of its insured, bars the insurer from relitigating liability of its insured in the third party bad faith action. The element of collateral estoppel was held to distinguish stipulated judgments entered pursuant to section 664.6 from compromise settlements entered in accordance with section 998. "In *Moradi-Shalal* we disapproved *Rodriguez* v. *Fireman's Fund Insurance Co.* (1983) 142 Cal.App.3d 46 [190 Cal.Rptr. 705], in which the court held a third party section 790.03(h) action could proceed after settlement of the underlying claim by acceptance of a section 998 offer to compromise, when the claimant alleged the insurer had 'admitted the liability of its insured.' (*Moradi-Shalal, supra,* 46 Cal.3d at p. 310.) Unlike a stipulated judgment under section 664.6, the court has no discretion to refuse to enter judgment in a properly accepted statutory offer to settle pursuant to section 998. (See § 998, subd. (b)(1).)" (*California State Auto. Assn. Inter-Ins. Burean* v. *Superior Court, supra,* at p. 665, fn. 3.) Thus, the resolution of this case depends on whether federal rule 68 is similar to Code of Civil Procedure section 664.6 or 998.

Significantly, no judicial determination of liability is necessary to effectuate a settlement under rule 68. At no time during the process leading to entry of judgment under rule 68 does a court, judge or jury ever consider

---

less than 10 days prior to the commencement of hearings to determine the amount or extent of liability."

[4] All statutory references are to the Code of Civil Procedure unless otherwise indicated.

or determine whether the offeror is actually liable for the conduct alleged. The clerk of the court has no choice but to enter judgment once a party files the appropriate proof of acceptance of the offer.

The purpose of the rule does not appear consistent with a determination of liability, but rather a compromise judgment. The rule is meant to encourage settlement of litigation and to provide additional inducement to settle. (*Delta Air Lines, Inc.* v. *August* (1981) 450 U.S. 346, 356 [67 L.Ed.2d 287, 295, 101 S.Ct. 1146].) It compels a plaintiff to give serious consideration to the settlement proposal by the "carrot" of an enforceable judgment and the "stick" of responsibility for defendant's costs if the offer is improvidently rejected. (See *Gay* v. *Waiters' & Dairy Lunchmen's U., Local No. 30* (N.D.Cal. 1980) 86 F.R.D. 500, 501-502.)

Both the procedure and purpose of the rule are strikingly similar to California Code of Civil Procedure section 998. (*Delta Air Lines, Inc.* v. *August, supra*, 450 U.S. at p. 358, fn. 22 [67 L.Ed.2d at p. 296].) The state statute also provides a means by which a party can make an offer of judgment with adverse results to the offeree if the judgment does not exceed the offer. Unlike rule 68, however, section 998 expressly provides that "[a]ny judgment entered pursuant to this section shall be deemed to be a compromise settlement." Due in no small part to this language, a compromise settlement entered into under section 998 does not constitute a judicial determination of the insured's liability. (*Wade* v. *20th Century Ins. Co.* (1988) 206 Cal.App.3d 32, 38 [253 Cal.Rptr. 361].)

Rule 68 itself is silent regarding the effect of a judgment obtained under it on subsequent litigation. The case law interpreting the rule, as well as the notes of the advisory committee on the rules, are similarly silent on the issue. (Cf. Varon, *Promoting Settlements and Limiting Litigation Costs by Means of the Offer of Judgment* (1984) 33 Am.U.L.Rev. 813, 841 [offers of judgment should not be given collateral estoppel effect].) The Laxagues seek to draw a distinction between rule 68 and section 998 on the basis of rule 68's silence. Such a distinction would lead to anomalous results depending upon whether the defendant in the underlying case was haled into state or federal court. The parallel state and federal provisions both serve the purpose of settlement. (*Delta Air Lines, Inc.* v. *August, supra*, 450 U.S. at p. 356 [67 L.Ed.2d at p. 295]; *Shain* v. *City of Albany* (1980) 106 Cal.App.3d 294, 299 [165 Cal.Rptr. 89].) The absence of express language explaining the compromise purpose of rule 68 should not render a federal judgment entered thereunder any more of a judicial determination of liability than a state judgment entered pursuant to section 998.

In view of the absence of any express or implied admission of liability here, the lack of any consideration by a finder of fact of the merits of the

Laxagues' claim against NSC, and the automatic nature of the entry of judgment under rule 68, as well as the instructive example of section 998, we hold that the judgment entered pursuant to settlement under rule 68 is not a sufficient judicial determination of the insured's liability under *Moradi-Shalal.*

Inasmuch as the Laxagues have not obtained a conclusive judicial determination of the insured's liability in the underlying action, their subsequent action against the insurers must fail, and thus the trial court properly granted summary judgment in favor of Fireman's Fund and Industrial.

The judgment is affirmed.

Racanelli, P. J., and Newsom, J., concurred.

Appellants' petition for review by the Supreme Court was denied August 1, 1990.