[No. C050187. Third Dist. Mar. 7, 2006.]

JERRY DORAN, Plaintiff and Respondent, v.
NORTH STATE GROCERY, INC., Defendant and Appellant.

COUNSEL

Halkides, Morgan & Kelley and John P. Kelley for Defendant and Appellant.

Russell C. Handy for Plaintiff and Respondent.

OPINION

**ROBIE, J.**—In this case involving disability discrimination under the Unruh Civil Rights Act (the Act) (Civ. Code,[1] § 51), we hold that under the plain language of section 52, subdivision (a), only one who "denies, aids or incites a denial, or makes any discrimination or distinction contrary to Section 51, 51.5, or 51.6," is liable for attorney fees in an action under section 52. Because there was no such finding against the defendant in this case and the plaintiff cannot seek to establish such a finding at this late stage, we shall reverse the award of attorney fees.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Jerry Doran is a paraplegic who uses a wheelchair for mobility. He was a "customer or would-be customer" of two grocery stores in Anderson and Paradise owned and operated by defendant North State Grocery, Inc. (North State).

---

[1] All further statutory references are to the Civil Code unless otherwise indicated.

Doran claimed that on at least nine occasions between September 1998 and March 1999, he "either faced . . . illegal barriers [inside these grocery stores] or was deterred from patronizing the store[s] because of his knowledge of the illegal barriers . . . ." These architectural barriers included "a lack of accessible paths of travel, [a] lack of accessible check out aisles and facilities, [and a] lack of accessible restrooms . . . ."

In March 1999, Doran filed an action against North State in the United States District Court for the Eastern District of California. He alleged that the architectural barriers in North State's stores denied him "full and equal access" to the stores. He sought federal relief under the Americans with Disabilities Act of 1990[2] (42 U.S.C. 1201 et seq.; ADA) and state relief under, inter alia, the Act.

During the course of the federal litigation, North State removed the architectural barriers to accessibility that Doran claimed were illegal. Therefore, the federal cause of action became moot, as the only remedy under Title III of the ADA—an injunction—was no longer necessary. The parties so stipulated and the federal district court declined to exercise supplemental jurisdiction over the state claims and dismissed them without prejudice.

In February 2004, Doran filed this action in state court. His amended complaint sought to recover damages and attorney fees under the Act for the litigation that had been ongoing since March 1999.

In June 2004, North State made Doran an offer to compromise pursuant to Code of Civil Procedure section 998, "to have judgment taken against it in favor of [Doran] for the sum of Ten Thousand Dollars ($10,000.00) . . . ." The offer was silent as to the apportionment of attorney fees and any admission of liability by North State. Doran accepted the offer seven days later.

In October 2004, in conformity with the terms of the offer to compromise, the court entered judgment in favor of Doran for $10,000.

Thereafter, in December 2004, Doran filed a motion for attorney fees in the amount of $280,102 based on section 52, subdivision (a). He claimed he was entitled to the fees because he was the prevailing party.

---

[2] The ADA was enacted to "assure equality of opportunity, full participation, independent living, and economic self-sufficiency for" individuals with disabilities (42 U.S.C. § 12101(a)(8)), noting that these individuals "continually encounter various forms of discrimination, including . . . the discriminatory effects of architectural . . . barriers" (*id.*, § 12101(a)(5)).

In April 2005, the court agreed with Doran and awarded him attorney fees in the amount requested. North State filed a timely notice of appeal from the court's ruling.

## DISCUSSION

### I

*The Plain Language of Section 52, Subdivision (a) Requires
a Finding that the Defendant Denied the Plaintiff Rights
Guaranteed by Section 51, 51.5, or 51.6 Before the Plaintiff
Can Recover Attorney Fees Under Section 52*

North State contends the court erred as a matter of law in awarding Doran attorney fees because the plain language of section 52, subdivision (a), requires a finding of liability before attorney fees can be awarded.

Doran argues that section 52 does not require a finding of liability or a determination on the merits of the case as a prerequisite to his entitlement to attorney fees and, therefore, the trial court did not err as a matter of law when it determined that he, as the prevailing party, was entitled to attorney fees.

■ In matters of statutory construction our primary concern is the Legislature's intent. (*Brown v. Kelly Broadcasting Co.* (1989) 48 Cal.3d 711, 724 [257 Cal.Rptr. 708, 771 P.2d 406].) To determine intent, we begin with the language of the statute itself. (*Ibid.*) In examining that language, we give the words their ordinary meaning. (*Lungren v. Deukmejian* (1988) 45 Cal.3d 727, 735 [248 Cal.Rptr. 115, 755 P.2d 299].) If the language is clear, there is no need for construction or reliance on other indicia of intent. (*Ibid.*)

Section 52, subdivision (a), provides in full: "Whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to Section 51[3], 51.5[4], or 51.6[5], is liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting

---

[3] Section 51, subdivision (b), guarantees all persons in California "full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever."

[4] Section 51.5, subdivision (a), provides that no business establishment shall discriminate against any person in California "on account of any characteristic listed or defined in subdivision (b) or (e) of Section 51 . . . ." Subdivisions (b) and (e) of section 51 list "disability" as a qualifying characteristic.

[5] Section 51.6, subdivision (b), prohibits any business establishment from discriminating against a person "with respect to the price charged for services of similar or like kind . . . because of the person's gender."

without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the court in addition thereto, suffered by any person denied the rights provided in Section 51, 51.5, or 51.6."

■ The language of the statute places "liab[ility]" for "attorney's fees . . . suffered by any person denied the rights provided in Section 51, 51.5, or 51.6," on "[w]hoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to Section 51, 51.5, or 51.6." (§ 52, subd. (a).) Thus, the plain language makes clear that only those who deny rights guaranteed by section 51, 51.5, or 51.6 are liable for attorney fees.

On appeal, Doran makes no attempt to quote the language of section 52, instead relying on *Engel v. Worthington* (1997) 60 Cal.App.4th 628 [70 Cal.Rptr.2d 526] (*Engel*) to support his position. In that case, David Engel filed a claim under the Act against a photographer who refused to include a photograph of Engel and his male companion in a high school reunion yearbook. (60 Cal.App.4th at p. 630.) After a bench trial, the court ruled in favor of the photographer. (*Ibid.*) Engel appealed and the appellate court reversed the judgment and remanded the matter with direction to issue a written statement of decision. (*Ibid.*) The trial court complied but Engel secured another victory on appeal that directed the trial court to enter judgment for Engel and to set a hearing to determine damages and attorney fees pursuant to section 52. (*Engel*, at p. 630.) When the trial court heard the matter, the parties stipulated to damages in the amount of $250 and the court took the fees request under submission. (*Ibid.*) The trial court then awarded Engel $250 in damages but failed to award him attorney fees. (*Ibid.*)

The *Engel* court found "[t]he trial court was wrong. Code of Civil Procedure section 1032, subdivision (b) entitles 'a prevailing party . . . as a matter of right to recover costs in any action or proceeding.' Attorney fees are included as costs when authorized by statute. (Code Civ. Proc., § 1033.5, subd. (a)(4)(D) & (10)(B) & (C).) Engel is the prevailing party. Civil Code section 52 authorizes fees. Therefore the only issue we determine is whether a Civil Code section 52 fees award is mandatory or, as this trial court concluded, within the court's discretion." (*Engel, supra,* 60 Cal.App.4th at p. 632.)

The *Engel* court found that, under a plain reading of the statute, the award of attorney fees was mandatory and only the amount was discretionary. (*Engel, supra,* 60 Cal.App.4th at pp. 632–633.) The court explained that its conclusion

was supported by the legislative history of the Act and our Supreme Court's repeated pronouncements that the Act was " 'to be given a liberal construction with a view to effectuating its purposes.' " (60 Cal.App.4th at pp. 633–634.) The *Engel* court concluded, "the Legislature intended an award to be mandatory. To hold otherwise would violate the very essence of the Act." (*Id.* at p. 635.)

Focusing on *Engel*'s analysis of the interplay between the right given a prevailing party to recover costs (Code Civ. Proc., § 1032, subd. (b)) including attorney fees when authorized by statute (Code Civ. Proc., § 1033.5, subd. (a)(10)) and the right to recover attorney fees under section 52, subdivision (a), Doran contends the trial court correctly ruled that, because he was the prevailing party,[6] he was entitled to attorney fees. Doran is incorrect.

 The general entitlement to attorney fees as part of costs recoverable by the prevailing party (Code Civ. Proc., § 1032, subd. (b)) is found in Code of Civil Procedure section 1033.5, subdivision (a)(10). That subdivision allows for an award of attorney fees when authorized by contract, statute, or law. (Code Civ. Proc., § 1033.5, subd. (a)(10).) As applicable here, section 52, subdivision (a), authorizes an award of attorney fees to a person "denied the rights provided in Section 51, 51.5, or 51.6." Therefore, in the words of section 52, subdivision (a), only one who "denies, aids or incites a denial, or makes any discrimination or distinction contrary to Section 51, 51.5, or 51.6," is liable for attorney fees under section 52. To the extent *Engel* can be read to hold that a prevailing party in a section 52 action is entitled to an award of attorney fees without a finding that the defendant denied the plaintiff rights guaranteed by section 51, 51.5, or 51.6 (see *Engel, supra,* 60 Cal.App.4th at pp. 630, 633), we respectfully disagree with *Engel.*[7]

The legislative history of the Act supports our conclusion. The only reference of substance regarding the attorney fees amendment in 1976 specifically stated that " '*violators* of the Act *are liable* for the plaintiff's attorney's fees. . . .' " (*Engel, supra,* 60 Cal.App.4th at p. 634, quoting Assem. Com. on Judiciary, Analysis of Assem. Bill No. 2553 (1975–1976 Reg.

---

[6] A " '[p]revailing party' includes the party with a net monetary recovery . . . ." (Code Civ. Proc., § 1032, subd. (a)(4).) North State concedes that Doran was the prevailing party.

[7] We note that, contrary to Doran's contention, *Engel* is not dispositive of the issue presented here. In *Engel,* the court held a bench trial on the defendant's liability and judgment ultimately was entered in favor of the plaintiff. (*Engel, supra,* 60 Cal.App.4th at p. 630.) Thus, the only issue was whether section 52 attorney fees were mandatory or within the court's discretion. (*Engel,* at p. 632.) The issue here is different because there was no such determination of North State's liability before the trial court awarded attorney fees to Doran.

Sess.) as amended Jan. 22, 1976, italics added.) Moreover, in a 1976 enrolled bill report, the Governor's legal affairs secretary explained that the purpose of the attorney fees amendment "was to 'sharply increase[] the damages recoverable *for violation* of the Unruh Act, including treble damages with a $250 minimum, and attorneys fees.'" (*Engel, supra,* 60 Cal.App.4th at p. 634, quoting Governor's Off., Dept. Legal Affairs, Enrolled Bill Rep. on Assem. Bill No. 2553 (1975–1976 Reg. Sess.) July 7, 1976, italics added, original italics omitted.) Thus, the legislative history of the statute evinces an intent to impose liability for attorney fees in cases brought under section 52 only on violators of the Act.

In summary, the plain language of section 52, subdivision (a), requires a finding that the defendant has denied the plaintiff rights guaranteed by section 51, 51.5, or 51.6 before the plaintiff can recover attorney fees under section 52.[8]

II

*The Judgment Based Upon a Compromise Settlement Does Not Constitute a Finding of Liability*

In this case, the parties entered into a compromise settlement for $10,000 that was silent on whether North State had denied Doran any rights guaranteed by section 51. (See Code Civ. Proc., § 998, subd. (f) ["[a]ny judgment or award entered pursuant to this section shall be deemed to be a compromise settlement"].) Doran wisely has not tendered an argument that the compromise settlement was tantamount to an adjudication of North State's liability for violating the Act; any such argument would have failed since it is well established that a compromise settlement entered into under Code of Civil Procedure section 998 does not constitute an adjudication of liability. (*Laxague v. Fireman's Fund Ins. Co.* (1990) 220 Cal.App.3d 530, 535 [269 Cal.Rptr. 456]; *Wade v. 20th Century Ins. Co.* (1988) 206 Cal.App.3d 32, 38 [253 Cal.Rptr. 361].)

---

[8] Our position is consistent with the position taken in the Continuing Education of the Bar volume on attorney fee awards: "Anyone *denying rights* under [the Act] *is liable for attorney fees* as well as damages." (Pearl, Cal. Attorney Fee Awards (Cont.Ed.Bar 2d ed. 2005) Attorney Fee Awards Under Other Fee-Shifting Statutes, § 5.3, pp. 142.1–143, italics added.)

Moreover, because a compromise settlement operates as a bar to reopening the controversy, Doran is precluded at this late stage from establishing that North State denied him any rights guaranteed by section 51, thus entitling him to attorney fees. A compromise settlement is " 'decisive of the rights of the parties thereto and operates as a bar to the reopening of the original controversy.' " (*Folsom v. Butte County Assn. of Governments* (1982) 32 Cal.3d 668, 677 [186 Cal.Rptr. 589, 652 P.2d 437].) Thus, compromise settlements "ordinarily conclude all matters put in issue by the pleadings—that is, questions that otherwise would have been resolved at trial." (*Ibid.*)

In this case, the amended complaint Doran filed in state court alleged as the first cause of action that North State had violated the Act and focused on North State's failure to remove alleged illegal architectural barriers from its Anderson and Paradise grocery stores. Applying the rule that a compromise settlement concludes those matters put in issue by the pleadings, the offer to compromise Doran accepted bars the reopening of whether North State denied Doran any rights guaranteed by section 51—the same issue Doran would need to address to prevail on a claim for attorney fees.[9]

■ Doran argues that a reading of section 52, subdivision (a), requiring a finding of liability before attorney fees can be awarded would "damage the utility of [Code of Civil Procedure section] 998 offers and provide disincentives to settle." We simply note that Doran was not compelled to accept North State's offer to compromise and, indeed, could have tendered a counteroffer that included an apportionment of the attorney fees or a statement of North State's liability under section 51. As there was no such statement or finding in this case, and Doran now cannot seek to establish that North State denied him rights under the Act, the attorney fees award must be reversed.

---

[9] We are aware that in *Folsom v. Butte County Assn. of Governments, supra,* 32 Cal.3d 668, the court stated that attorney fees authorized solely by statute are not part of the cause of action. (*Id.* at p. 678.) Here, however, the finding necessary for an award of attorney fees and the finding necessary for an award of actual and treble damages are identical. Indeed, Doran's amended complaint in state court acknowledged this fact. Specifically, the first cause of action stated that section 52 "provides that a party that discriminates against a plaintiff in violation of Civ. Code § 51 shall be liable for actual damages, up to three times actual damages but not less than $1000 for each offense (the statutory minimum during the events of the case), and any attorney's fees incurred by the plaintiff."

## DISPOSITION

The award of attorney fees in the amount of $280,102 is reversed. In all other respects, the judgment is affirmed. North State shall recover its costs on appeal. (Cal. Rules of Court, rule 27(a)(1).)

Nicholson, Acting P. J., and Butz, J., concurred.

Respondent's petition for review by the Supreme Court was denied June 21, 2006, S142487. Kennard, J., and Werdegar, J., were of the opinion that the petition should be granted.