Filed 5/24/21

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| KATHY L. RECK et al., <br><br>     Plaintiffs and Appellants, <br><br> v. <br><br> FCA US LLC et al., <br><br>     Defendants and Respondents. | A157966 <br><br> (Alameda County <br> Super. Ct. No. RG16836069) |

Appellants Kathy L. Reck and Thomas Reck appeal from an order awarding them attorney fees under the Song-Beverly Consumer Warranty Act (Song-Beverly Act; Civ. Code, § 1790, et seq.)[1] after their lawsuit over a defective vehicle was settled for $89,500 on the second day of trial. They contend that the trial court erred when it denied all recovery of attorney fees and costs incurred following their rejection of an earlier Code of Civil Procedure section 998 (section 998) settlement offer that was $8,500 less than the offer they ultimately accepted. We agree that the trial court erred in its attorney fee award, though not entirely for the reasons advanced by appellants.

The Song-Beverly Act is a consumer protection statute that mandates the recovery of reasonable attorney fees to a prevailing plaintiff based upon

---

[1] All undesignated statutory references are to the Civil Code except as otherwise stated.

"actual time expended." (§ 1794, subd. (d).) The trial court here did not undertake a lodestar analysis of fees reasonably incurred following appellants' rejection of the settlement offer, concluding instead that it was unreasonable for appellants to have prolonged the litigation by rejecting defendant's reasonable offer of compromise. Because the trial court's approach here was based on a mistake of law, we shall reverse. We conclude that in the context of public interest litigation with a mandatory fee shifting statute such as the Song-Beverly Act, it is an error of law for the trial court to categorically deny or reduce an attorney fee award on the basis of a plaintiff's failure to settle when the ultimate recovery exceeds the section 998 settlement offer.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. The Underlying Action

In April 2011, appellants purchased a new 2011 Dodge Challenger manufactured by FCA US LLC (FCA) from Fremont Chrysler,[2] a local automobile dealer, for a total price (including financing) of $51,945. Following the purchase, appellants experienced frequent issues with the vehicle. FCA arranged for numerous repairs, however the problems persisted. Appellants contacted FCA customer service and requested the repurchase of the vehicle. The request was denied. Appellants traded in the vehicle in March 2015. At the time of trade-in appellants had paid $41,956 of the original purchase price.

In October 2016, appellants filed this action against FCA and Fremont Chrysler. As to FCA, appellants' complaint alleged claims for breach of express and implied warranties in violation of the Song-Beverly Act. Their

---

[2] Fremont Chrysler is not a party to this appeal.

2

prayer for relief included claims for damages, for a civil penalty equal to two times the damages, and for attorney fees and costs.

## B.    Settlement History

In November 2016, FCA served appellants with a section 998 offer to compromise.  The offer did not set forth a specific monetary settlement amount.  Appellants rejected the offer as vague and premature.[3]  The parties conducted discovery, with each side propounding document requests and interrogatories.

On April 23, 2018, FCA served appellants with a second section 998 offer.  This time the offer proposed to settle the matter for $81,000 plus reasonable costs, expenses, and attorney fees "based on actual time expended, pursuant to Civil Code section 1794(d) as stipulated by the parties or, if the parties cannot agree, upon motion to the Court having jurisdiction over this action."  At the time the offer was made, appellants' counsel, Knight Law Group, LLP (Knight Law), had incurred approximately $15,000 in legal fees.  Appellants rejected the offer.  They made no counteroffer or other settlement demand.

The following month, Knight Law associated in Century Law Group LLP (Century Law) to try the case for appellants.  Trial commenced on July

---

[3] Section 998 is "a cost-shifting statute which encourages the settlement of actions, by penalizing parties who fail to accept reasonable pretrial settlement offers."  (*Heritage Engineering Construction, Inc. v. City of Industry* (1998) 65 Cal.App.4th 1435, 1439.)  For an offer to qualify under section 998, the offer " 'must be sufficiently specific to permit the recipient meaningfully to evaluate it and make a reasoned decision whether to accept it, or reject it and bear the risk he may have to shoulder his opponent's litigation costs and expenses.  [Citation.]  Thus, the offeree must be able to clearly evaluate the worth of the extended offer.' [Citation.]" (*MacQuiddy v. Mercedes-Benz USA, LLC* (2015) 233 Cal.App.4th 1036, 1050).

30, 2018.  Two days later, during a mandatory settlement conference, the case settled for $89,500 plus reasonable attorney fees and costs to be determined separately.  Knight Law filed two post-settlement motions, one to enforce the settlement and the other for discovery sanctions.  Appellants withdrew their motion to enforce the settlement on the same date the trial court denied their motion for sanctions.

**C.  Appellants' Motion for Attorney Fees**

Counsel for appellants filed a motion for attorney fees under section 1794, subdivision (d).  The fees component of the request included a lodestar of $124,831 in base fees with a requested multiplier of .5 for a total fee request of $187,247.  The base fees reflected $46,487.50 in legal services provided by Knight Law and $78,344 in legal services provided by Century Law.  The request also sought $22,765.21 in costs.

The motion was supported by declarations and exhibits detailing the basis for the requested fees.  Declarations from appellants' counsel at both law firms described the experience and skill of appellants' attorneys and their hourly rates.  Attached as exhibits to those declarations were the records of services provided by each law firm detailing the work, time spent, hourly rates, and fees incurred in this matter.  The exhibits also included copies of minute orders and notices of rulings on fee motions in other Song-Beverly Act cases wherein fees had been awarded to appellants' counsel.

FCA opposed the attorney fee motion on several grounds, arguing that appellant counsels' fees were unreasonable because there was nothing particularly complicated about the case and it did not warrant the

assignment of thirteen attorneys.[4] FCA maintained the fee claim was excessive, noting that appellants had incurred approximately $100,000 in attorney fees between April 2018, when the $81,000 section 998 settlement offer was refused, and August 2018, when appellants agreed to settle for $89,500. FCA further argued that adding a second law firm to try the case resulted in unnecessary duplication of effort. FCA specifically objected to the inclusion of fees for three motions filed by appellants' counsel that had been denied or withdrawn.

## D.    The Trial Court's Ruling

After citing to section 1794, subdivision (d) and cases construing that statute, the trial court found that this case was "not particularly complex" and was instead a "typical lemon law case that had standard procedural demands and required counsel with average skill resulting in a good settlement for [appellants]." The court rejected appellants' claim that all the services provided were necessary, emphasizing that respondents had presented a reasonable section 998 offer to settle the lawsuit in April 2018 for $81,000 plus fees and costs, appellants had rejected that offer and presented no counteroffer, and the parties ultimately settled for $89,500 on August 1, 2018. "Given that close to $100,000 of the fees incurred were incurred between the time of the [April 2018 section] 998 offer and the date of the settlement," the court found that the fees incurred during this time period "were not reasonable or necessary."

The trial court awarded appellants their attorney fees "incurred up through the rejection of the [April 2018] section 998 offer" along with certain

---

[4] The trial court and the parties mistakenly referred to only eleven attorneys in the proceedings below, but as respondent points out, the billing records reflect that thirteen attorneys worked on the matter for appellants.

5

"fees incurred after the settlement" and excluded fees incurred in connection with the two unsuccessful motions filed by appellants. Appellants were awarded a total of $20,158 in attorney fees along with the requested .5 multiplier for a total fee award of $30,237. The court stated that it found this amount sufficient based on the amounts at stake, the complexity of the case and its procedural demands, the necessity of the legal services, the results achieved, and other factors cited to by the parties in light of "the Court's experience with this case from its inception." Specifically, the court found that the $8,500 difference between the rejected pre-trial April 2018 section 998 offer and the final settlement did not justify an award of attorney fees for any of the hours appellants' attorneys spent preparing for trial. This appeal followed.

## II. DISCUSSION

### A. Standard of Review

The abuse of discretion standard applies to appellate review of an award of attorney fees under the Song-Beverly Act. (*Goglin v. BMW of North America, LLC* (2016) 4 Cal.App.5th 462, 470-471 (*Goglin*).) However, the trial court must exercise its discretion in awarding fees subject to the legal standards that apply to its decision. (*Etcheson v. FCA US LLC* (2018) 30 Cal.App.5th 831, 841 (*Etcheson*).) We review de novo any issues of law involved in determining whether the criteria for an award of attorney fees has been satisfied. (See *Conservatorship of Whitley* (2010) 50 Cal.4th 1206, 1213.) Accordingly, " 'the determination of whether the trial court *selected* the proper legal standards in making its fee determination is reviewed de novo [citation] and, although the trial court has broad authority in determining the amount of reasonable legal fees, the award can be reversed for an abuse of discretion when it employed the wrong legal standard in

6

making its determination.' " (*Etcheson, supra,* 30 Cal.App.5th at p. 841, quoting *569 East County Boulevard LLC v. Backcountry Against the Dump, Inc.* (2016) 6 Cal.App.5th 426, 434.)

**B.     Song-Beverly Act**

The Song-Beverly Act is commonly known as the automobile "lemon law." (*Duale v. Mercedes-Benz USA, LLC* (2007) 148 Cal.App.4th 718, 721.) Under the Act, "[i]f the manufacturer … is unable to service or repair a new motor vehicle … to conform to the applicable express warranties after  a reasonable number of attempts, the manufacturer shall either promptly replace the new motor vehicle … or promptly make restitution to the buyer" at the buyer's election.  (§ 1793.2, subd. (d)(2).)  Should the manufacturer or retailer fail to comply with any implied or express warranty, the buyer may bring an action for recovery of damages and other relief.  (§ 1794, subd. (a)). "If the buyer establishes that the failure to comply was willful, the judgment may include, in addition to the amounts recovered under subdivision (a), a civil penalty which shall not exceed two times the amount of actual damages."  (§ 1794, subd. (c).)

A buyer who prevails in an action under the Song-Beverly Act may also recover reasonable attorney fees.  Section 1794, subdivision (d) provides: "If the buyer prevails in an action under this section, the buyer shall be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorney's fees based on actual time expended, determined by the court to have been reasonably incurred by the buyer in connection with the commencement and prosecution of such action." (§ 1794, subd. (d).)

To determine a reasonable attorney fee award, the trial court applies the lodestar method.  (See *Robertson v. Fleetwood Travel Trailers of*

*California, Inc*. (2006) 144 Cal.App.4th 785, 817-821.) The court must initially determine the actual time expended and then "ascertain whether under all the circumstances of the case the amount of actual time expended and the monetary charge being made for the time expended are reasonable." (*Nightingale v. Hyundai Motor America* (1994) 31 Cal.App.4th 99, 104, (*Nightingale*).) "These circumstances may include, but are not limited to, factors such as the complexity of the case and procedural demands, the skill exhibited and the results achieved. If the time expended or the monetary charge being made for the time expended are not reasonable under all the circumstances, then the court must take this into account and award attorney fees in a lesser amount. A prevailing buyer has the burden of 'showing that the fees incurred were "allowable," were "reasonably necessary to the conduct of the litigation," and were "reasonable in amount." ' [Citation.]" (*Ibid*.)

## C. The Trial Court Abused Its Discretion in Declining to Award Post-Offer Attorney Fees

### i. *Consideration of Unaccepted Settlement Offers*

Appellants argue that the trial court erred by considering the unaccepted April 2018 section 998 offer in its determination of a reasonable fee award and by limiting their award to the attorney fees incurred up to the time that the offer was rejected. Appellants claim that the trial court effectively applied the penalty provision of section 998, subdivision (c)(1)[5] against them, even though they had achieved a more favorable result by

---

[5] Section 998, subdivision (c)(1) states: "If an offer made by a defendant is not accepted and the plaintiff fails to obtain a more favorable judgment or award, the plaintiff shall not recover his or her postoffer costs and shall pay the defendant's costs from the time of the offer."

8

pressing forward with their litigation. Relying primarily on *Etcheson,* they contend that the trial court abused its discretion by applying an incorrect legal standard. We agree that the court applied the wrong legal standard, but not for the reasons described in *Etcheson* and other related cases.

*Etcheson* also involved a claim brought under the Song-Beverly Act. The manufacturer FCA refused to repurchase a malfunctioning vehicle prior to litigation. After litigation commenced, FCA made an informal offer of restitution and two formal offers to compromise under section 998: one in March 2015 which was rejected by the plaintiffs and found by the trial court to be impermissibly vague, and one in June 2016 for $65,000. (*Etcheson, supra,* 30 Cal.App.5th at p. 834.) The parties settled soon thereafter for $76,000 plus reasonable attorney fees and costs and an agreement that the plaintiff was the prevailing party. (*Ibid*.) Following the plaintiffs' motion for attorney fees, the trial court cut off all attorney fees incurred after the March 2015 section 998 offer. (*Id.* at pp. 838-840.) The trial court determined that these post-offer fees were not reasonably incurred because the defendant had sought to extricate itself from the litigation, with no cooperation from the plaintiffs. (*Id.* at p. 839.)

The appellate court reversed, concluding that the trial court erred when it "[i]n substance and effect . . . incorporated the penalty provisions of section 998 . . . into its reasonableness analysis, and failed to acknowledge that plaintiffs for their counsel's litigation efforts recovered an amount more than double the value of FCA's initial restitution offers." (*Etcheson, supra,* 30 Cal.App.5th at p. 843.) The *Etcheson* court observed that, prior to FCA's June 2016 section 998 offer, the earlier settlement offers "were unacceptable" because they included invalid or unfavorable provisions, such as undefined release terms. (*Id.* at p. 846.) Because it was reasonable for the plaintiffs to

9

reject these unreasonable or invalid settlement offers, " the [trial] court erred by using this criteria to assess plaintiffs' entitlement to fees." (*Id.* at p. 847.)[6]

We are confronted with a different situation in this appeal. Unlike *Etcheson* and related authorities*,* FCA's April 2018 section 998 offer did not contain any extraneous or invalid provisions or conditions. FCA offered to pay $81,000 plus reasonable costs and attorney fees based on actual time expended under section 1794, subdivision (d). The trial court expressly found that the April 2018 offer was "reasonable," a determination supported by the record. The final settlement of August 1, 2018, other than in its award of $89,500 for damages, was materially indistinguishable from the previous section 998 offer.

No published authority addresses the precise question before us: may the trial court rely on a plaintiff's rejection of a reasonable offer to compromise under section 998 to reduce or deny post-offer attorney fees and costs when the plaintiff secures a recovery that is superior to the rejected offer? We conclude that in the context of civil rights or public interest litigation involving mandatory fee shifting statutes, it is an error of law for

---

[6] Two other cases discussed in *Etcheson* were decided for similar reasons. (See *Goglin, supra,* 4 Cal.App.5th at pp. 467, 471 [plaintiff's rejection of section 998 settlement offer did no bar recovery of post-offer fees because offer contained many "unfavorable" and "extraneous" provisions]; *McKenzie v. Ford Motor Co.* (2015) 238 Cal.App.4th 695 at pp. 699-700, 706, 708 [trial court's denial of post-offer fees was error where plaintiff acted reasonably in rejecting section 998 offer that contained illegal provisions, a confidentiality clause, and a "breathtakingly broad release."].) Appellants also rely on *Hanna v. Mercedes-Benz USA, LLC* (2019) 36 Cal.App.5th 493 (*Hanna*), in which the appellate court found the plaintiff was entitled to recover reasonable attorney fees for services provided after rejecting an unreasonable section 998 offer, particularly where the plaintiff had obtained a settlement "considerably in excess" of the offer. (*Id.* at p. 508.)

the trial court to reduce an attorney fee award on the basis of a plaintiff's failure to settle when the ultimate recovery exceeds the section 998 settlement offer.

### ii.   *Analogous Federal Civil Rights Law*

While no California cases have addressed this issue, there is analogous federal authority addressing a provision similar to section 998—rule 68 of the Federal Rules of Civil Procedure (Rule 68).  "The plain purpose of Rule 68 is to encourage settlement and avoid litigation." (*Marek v. Chesny* (1985) 473 U.S. 1, 5.)  "Rule 68, like section 998, provides that a party that rejects a formal offer of settlement and then fails to obtain a more favorable judgment must pay the costs incurred after the offer." (*Greene v. Dillingham Construction N.A., Inc.* (2002) 101 Cal.App.4th 418, 425–426 (*Greene*).)[7]

Like section 998, a Rule 68 offer must satisfy several requirements to qualify as a formal offer of judgment.  (See Fed. Rules Civ. Proc., Rules and Commentary to Rule 68 [formal offers under Rule 68 must allow judgment to be taken against the defendant, must be unconditional, must be served on the opposing party, and must be sufficiently clear to enable offeree to evaluate the benefit]; see also *Clark v. Sims* (4th Cir. 1994) 28 F.3d 420, 424 (*Clark*).) Given the close similarity in the operation and purpose of these cost-shifting provisions, we find it helpful to consult federal authorities on the question before us.  (See *Greene*, *supra*, 101 Cal.App.4th 418 [consulting federal decisions construing Rule 68 to determine whether denial of fees after

---

[7] Federal Rule of Civil Procedure 68 provides in part: "(a) … At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. . . .  (d) . . . If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made."

11

informal settlement offer would be consistent with section 998]; see also *Laxague v. Fireman's Fund Ins. Co.* (1990) 220 Cal.App.3d 530, 535 ["Both the procedure and purpose of [Rule 68] are strikingly similar to . . . section 998"].)

A trio of cases from the First and Second Circuit Courts of Appeals are instructive. In *Joyce v. Town of Dennis* (1st Cir. 2013) 720 F.3d 12 (*Joyce*), a female golfer who was denied permission to play in an all-male golf tournament filed suit against the town and golf course under federal equal protection and state law gender discrimination claims. (*Id.* at pp. 20-21.) After the plaintiff prevailed on summary judgment, the town extended a formal offer under Rule 68 to resolve the litigation for $35,001, inclusive of costs and attorney fees. (*Id.* at p. 29 fn 24.) The plaintiff rejected the offer. A jury subsequently awarded the plaintiff $15,000 in compensatory damages, and she later sought $170,000 in attorney fees and costs. (*Id.* at p. 22.) The district court concluded that the plaintiff's rejection of the defendants' "reasonable" settlement offer was unreasonable and resulted in "avoidable litigation." (*Id.* at p. 30.) Although the court recognized that Rule 68 did not apply because the plaintiff's total award (damages, costs, and attorney's fees) exceeded the defendants' offer, it "concluded that its purpose 'to promote settlement and avoid the expense of trial' made it reasonable to award [the plaintiff] none of the costs or fees that accrued after the defendants' offer" of settlement. (*Id.* at 29.)

The *Joyce* court reversed, reiterating a prior holding that " '*it is a mistake of law to reduce an award of attorneys' fees in a civil rights case in response to a plaintiff's rejection of a defendant's settlement offer when the subsequent judgment exceeds that offer.*' " (*Joyce, supra,* F.3d at p. 32 [citing *Coutin v. Young & Rubicam P.R.* (1st Cir. 1997) 124 F.3d 331, 341

12

(*Coutin*)], italics added.) The appellate court remanded for a determination of a reasonable attorney fee award that eliminated as a factor the plaintiff's refusal to settle. (*Ibid.*)

In *Coutin, supra,* 124 F.3d 331, the plaintiff sued her former employer under Title VII of the Civil Rights Act of 1964 (42 U.S.C. §§ 2000e et seq.), including the Pregnancy Discrimination Act, (42 U.S.C. § 2000e(k)). (*Id.* at p. 336.) Prior to trial, the plaintiff rejected the employer's offer to settle for $15,000. (*Ibid.*) A jury later found that the employer had intentionally discriminated against and constructively discharged the plaintiff, in violation of both federal and Puerto Rico law. The jury awarded the plaintiff and her spouse $44,000 in compensatory damages. (*Ibid.*) The plaintiff petitioned under 42 U.S.C. § 1988 for an award of over $50,000 in attorney fees and related expenses.[8] (*Ibid.*) The district court awarded $5,000 in attorney fees, based on "the 'plaintiffs' limited success on their claims, the plaintiffs' willingness to go to trial despite the defendant's earnest efforts to settle the case for a reasonable sum, and the equities involved.' " (*Coutin, supra,* 124 F.3d at p. 336.)

The appellate court reversed, concluding that the district court erred in finding that the plaintiff had enjoyed only "limited success" in her claims. (*Id.* at pp. 339-340.) This error was compounded by the district court's failure to engage in a lodestar analysis of reasonable fees incurred by the plaintiff's counsel. (*Id.* at p. 338.) Finally, the district court erred in basing its decision

---

[8] The Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988 (Fees Act) authorizes courts to award reasonable attorney fees to prevailing parties in civil rights litigation using the lodestar method. (*Coutin, supra,* 124 F.3d at p. 337.) " 'The purpose of § 1988 is to ensure effective access to the judicial process for persons with civil rights grievances.' [Citation.]" (*Corder v. Gates* (9th Cir. 1991) 947 F.2d 374, 377.)

to reduce the attorney fee award on plaintiff's rejection of the settlement offer. The *Coutin* court noted that "the defendant did not invoke Rule 68 and, in any event, the judgment that the plaintiff obtained more than trebled the highest settlement offer available to her. This success validates the [plaintiff's] rejection of the tendered settlement and immunizes her from detrimental consequences based upon that rejection." (*Id.* at p. 341.)

The First Circuit explained: "Policy considerations militate strongly against relaxing [the application of Rule 68]. Permitting a district court to reduce a fee award for failure to settle when the eventual judgment exceeds the best settlement offer previously made by the losing party would put too large a club in the district court's hands. In the bargain, endorsing that praxis would create inordinate pressure on plaintiffs to accept low settlement offers. This result would inhibit the bringing of civil rights actions, and, in the end, frustrate Congress's manifest intention that the Fees Act facilitate the prosecution of private actions aimed at deterring civil rights abuses. [Citation.]" (*Id.* at p. 341.)

Finally, in *NAACP v. Town of East Haven* (2nd Cir. 2001) 259 F.3d 113 (*NAACP*), the plaintiff civil rights organization prevailed in a bench trial in its suit against a town over claims of employment discrimination under Title VII of the Civil Rights Act of 1964 (42 U.S.C., §§ 2000e et seq.). Prior to trial, the town informally offered to settle the matter. (*Id.* at p. 118.) The district court denied plaintiff's post-offer attorney fees, finding that the " 'NAACP could have achieved its objectives via settlement, with the possible exception of recovery of fees and costs.' " (*Id.* at 118.) In calculating a reasonable fee award in light of the NAACP's "limited success" and failure to settle, the district court restricted the award of attorney's fees to work performed by NAACP lawyers prior to the settlement offer date. (*Ibid.*)

14

The Second Circuit reversed, concluding that the district court's decision to cut off fees on the basis of an informal settlement offer was an abuse of discretion under prior circuit precedent. (*NAACP*, *supra*, 259 F.3d 113 at p. 119 [citing *Ortiz v. Regan* (2d Cir. 1992) 980 F.2d 138 (*Ortiz*)].) The appellate court explained, "As we read *Ortiz,* the parties' closeness to settlement in informal negotiations, or a defendant's subjective 'willingness' to reach an agreement, … are, together or alone, insufficient grounds for declining to award attorney's fees incurred in subsequent litigation. 'Absent a showing of bad faith, "a party's declining settlement offers should [not] operate to reduce an otherwise appropriate fee award." ' [Citations.]" (*Id.* at pp. 119-120.) The *NAACP* court also pointed out that the defendant could have made an offer of judgment under Rule 68—and thereby sought to obtain its cost-shifting benefits—but chose not to. (*Ibid.*; see also *Ortiz*, at pp. 140-141 ["A district court should not rely on informal negotiations and hindsight to determine whether further litigation was warranted and, accordingly, whether attorney's fees should be awarded."].)[9] In any event, Rule 68 would

---

[9] Several federal courts have held that in the absence of a formal Rule 68 offer of judgment, "a plaintiff's failure to accept a settlement offer that turns out to be less than the amount recovered at trial is not a legitimate basis for denying an award of costs." (*Berkla v. Corel Corp.* (9th Cir. 2002) 302 F.3d, 909, 922; see *Ortiz*, *supra*, 980 F.2d at pp. 140-141; *Clark*, *supra*, 28 F.3d at p. 424; *Cooper v. State of Utah* (10th Cir. 1990) 894 F.2d 1169, 1172; see also *Greene*, *supra*, 101 Cal.App.4th at pp. 425-426 [adopting reasoning of federal courts to hold that section 998's cost-shifting provision does not apply to informal settlement offers].) These federal decisions have been criticized by another California court. (See *Meister v. Regents of University of California* (1998) 67 Cal.App.4th 437, pp. 450-452 [holding that trial court may reduce attorney fee award on basis of plaintiff's rejection of informal settlement offer that exceeded plaintiff's ultimate recovery].) We need not wade into this dispute because appellants' recovery in this matter *exceeded* the April 2018 section 998 settlement offer. We are unaware of any

15

not have applied because the relief obtained by the NAACP was superior to its pre-suit settlement demands. (*NAACP*, at p. 122.)

For the reasons described above, we conclude that it is an error of law for the trial court to reduce or deny an award of attorney fees in a civil rights or public interest case on the basis of a plaintiff's rejection of a section 998 offer when the ultimate recovery has exceeded the rejected offer. Although the trial court retains broad discretion to evaluate post-offer attorney fees and costs under a lodestar analysis, and to reduce the fee recovery in the appropriate circumstance, it may not categorically deny all fees from the date of the offer when the plaintiff's decision to press forward with litigation has been vindicated by a more favorable judgment or award.

Policy considerations support the view that a civil rights or public interest litigant should not be encumbered by an unwarranted expansion of the section 998 penalty provision. "Fee-shifting provisions in general reflect a legislative judgment that " 'the public as a whole has an interest in the vindication of the rights conferred by the statutes … over and above the value of a … remedy to a particular plaintiff.' " (*Joyce, supra*, 720 F.3d at p. 31, quoting *City of Riverside v. Rivera* (1986) 477 U.S. 561, 574.) While the Song-Beverly Act is not a civil rights statute, our courts have recognized that consumer protection litigation is likewise in the public interest. Because such litigation "involves . . . individual plaintiff[s] suing under consumer protection statutes involving mandatory fee-shifting provisions, the legislative policies are in favor of [a plaintiff's] recovery of all attorney fees reasonably expended, without limiting the fees to a proportion of [the] actual

_____

authority, and FCA has not cited any, that permits post-offer fees to be cut off where the plaintiff's decision to continue litigating is validated by a better outcome.

16

recovery." (*Graciano v. Robinson Ford Sales, Inc.* (2006) 144 Cal.App.4th 140, 164 [drawing parallel between the Consumers Legal Remedies Act (§ 1750 et seq.) and the Automobile Sales Finance Act (§ 2981 et seq.) and the Fees Act's authorization of attorney fees in federal civil rights litigation].)

Allowing the trial court to categorically deny attorney fees simply because the plaintiff turned down a section 998 offer that is inferior to their ultimate recovery places too large a settlement club in the court's hands. In making the decision to reject a section 998 offer, the plaintiff takes on the risk that he or she will not obtain a better result and will be deprived of post-offer attorney fees *and* be made to pay the other side's fees or costs. Plaintiffs must be free to take these kinds of calculated risks without fear that the trial court may deny reasonably incurred post-offer attorney fees even after successfully litigating their matter to a more favorable resolution. To endorse a different rule would create inordinate pressure on plaintiffs to accept low or unreasonable section 998 settlement offers, and undermine the prosecution of meritorious civil rights or public interest litigation and the legislative interest in awarding a prevailing plaintiff their reasonable attorney fees and costs under mandatory fee-shifting statutes.

### iii.    *Application*

The trial court below relied on appellants' rejection of the April 2018 section 998 offer of judgment as the basis for denying all attorney fees incurred from the time the offer was rejected to the date of the final settlement. The court explained that "given the results achieved, obtaining $89,500 plus fees and costs instead of the reasonable offer of $81,000 plus fees and costs offered in the April 23, 2018 § 998 offer, and given that most of the fees were incurred in the time between the § 998 [offer] and the

17

settlement date, the court finds that the fees incurred during that time *were not necessary or reasonable*." (Italics added.) This was error.

Appellants recovered $8,500 more than the prior April 2018 offer, representing more than a 10 percent increase. The final settlement more than doubled their damages recovery. Appellants' litigation also resulted in a .5 multiplier added to their recovery of fees, with the trial court endorsing the view that FCA's willful failure to comply warranted the imposition of a civil penalty. Given these circumstances, it is difficult to see how appellants' counsel could not be credited for *any* additional hours of time reasonably expended to achieve this superior result. Thus, in declining to award appellants any of the fees incurred in obtaining the final settlement, the court abused its discretion by failing to base its award on "actual time expended" for hours that were "reasonably incurred." (§ 1794, subd. (d).)

FCA asserts that the trial court merely exercised its discretion to fashion an appropriate fee award after finding appellants' counsel had grossly overbilled for this "run-of-the-mill lemon law case." Although the trial court referenced section 1794, subdivision (d) in its order, we disagree that the fee order was the product of an overall lodestar analysis. The trial court expressly cut off all attorney fees incurred after appellants' rejection of the section 998 offer on the legally erroneous basis that all such post-offer fees and costs "were not necessary or reasonable." "[W]here, as here, the court expressly states a legally erroneous ground for its ruling, we cannot infer its exercise of discretion rested on a wholly different basis." (*Hanna, supra,* 36 Cal.App.5th at p. 512, citing to *Etcheson, supra,* 30 Cal.App.5th at pp. 845–846 [" 'we cannot indulge an inference that the trial court's order … was based on a legitimate lodestar assessment of the overall reasonableness of counsel's fees based on rates, duplication of effort, or complexity' "], and

18

*McKenzie, supra*, 238 Cal.App.4th at p. 705 ["[w]hen the court states its reasons explicitly [for reducing the fees requested], we cannot infer its exercise of discretion rested on a wholly different basis"].)

FCA also relies on *Morris v. Hyundai Motor America* (2019) 41 Cal.App.5th 24 (*Morris*) for the proposition that the trial court appropriately reduced appellants' post-offer attorney fees based on its finding that appellants' counsel had "inefficiently, unnecessarily and unreasonably ran up close to $100,000 in fees by overlitigating the case after April 23, 2018." In *Morris,* the party litigants in a Song-Beverly Act lawsuit settled the matter for $85,000 on the eve of trial. (*Id.* at p. 28.) The plaintiff then moved for $127,792.50 in attorney fees plus a multiplier, but was awarded $73,864. (*Id.* at pp. 30, 34.) In affirming the fee award, the Court of Appeal ruled that the trial court did not abuse its discretion in reducing the requested attorney's fees because the action did not go to trial and did not present complex issues. (*Id.* at p. 37.) *Morris* does not support FCA's position because the trial court there did not categorically deny attorney fees following the rejection of a settlement offer. Rather, the court properly engaged in a lodestar analysis of the entire case, beginning with the actual time expended and adjusting the fee award on the basis of factors such as the complexity of the case, the results achieved, and whether the matter was overstaffed or overlitigated. (*Id.* at pp. 38-39.)

FCA also suggests that our decision will leave trial courts "unable to address patent overlitigation so long as the plaintiff beats the section 998 offer." We disagree. Our conclusion today merely prohibits a trial court from reducing or denying all post-offer attorney fees on the basis of a plaintiff's *decision to reject* a section 998 offer that proves inferior to the plaintiff's ultimate recovery. Nothing about our decision circumscribes the trial court's

19

discretion to evaluate the manner in which plaintiffs prosecute their case after rejecting a settlement offer. In evaluating the reasonableness of an attorney fee request, the trial court may consider "whether the case was overstaffed, how much time the attorneys spent particular claims, and whether the hours were reasonably expended." (*Donahue v. Donahue* (2010) 182 Cal.App.4th 259, 271; see also *Morris*, *supra*, 41 Cal.App.5th at p. 39 ["Plainly, it is appropriate for a trial court to reduce a fee award based on its reasonable determination that a routine, noncomplex case was overstaffed to a degree that significant inefficiencies and inflated fees resulted."].) Finally, because one of the factors in a lodestar analysis involves an evaluation of the "results achieved" by the plaintiff, we do not agree with appellants' suggestion that the trial court may not consider a rejected section 998 offer at all. The reasonableness of the tendered section 998 offer in relation to the results obtained by the plaintiff may be a consideration in the overall recovery of a reasonable attorney fee award. (*Nightingale, supra,* 31 Cal.App.4th at p. 104; see *Harman v. City and County of San Francisco* (2006) 136 Cal.App.4th 1279, 1316.)

On remand, the trial court is directed to consider a reasonable attorney fee award for actual hours expended by appellants' counsel under a lodestar analysis of the entire litigation, including attorney time reasonably incurred after rejection of the section 998 offer. Appellants' refusal to settle shall not be a factor in the trial court's reasonableness determination. The trial court is free to reexamine the lodestar factors anew and to adjust the fee award as appropriate to address any duplicative or excessive billing or unnecessary motion practice. We express no opinion as to the merits of these claims.

## DISPOSITION

The order is reversed and the matter is remanded to the trial court for proceedings consistent with this opinion. Appellants shall recover their costs on appeal.

_____
                    SANCHEZ, J.

We concur.

_____
HUMES,  P.J.

_____
BANKE, J.

(A157966)

County of Alameda

Honorable Evilio Grillo, Honorable Noel Wise, Honorable Dennis Hayashi

Rosner, Barry & Babbit, Hallen D. Rosner, Arlyn L. Escalante; Knight Law Group, Steve Mikhov, Roger Kirnos; Century Law Group, Edward O. Lear for Plaintiffs and Appellants.

Nixon Peabody, Jennifer A. Kuenster, Leon Roubinian, Aaron M. Brian; Law Office of David Tennant, David H. Tennant and Kathy L. Eldredge for Defendants and Respondents.